**BRENDONWOOD COMMON, Appellant (Defendant Below),**

v.

**Howard KAHLENBECK, Jr. and Sally A. Kahlenbeck, Appellees (Plaintiffs Below).**

**No. 2–1179 A 352.**

Court of Appeals of Indiana, Second District.

March 9, 1981.
Rehearing Denied April 30, 1981.

William M. Osborn, Thomas J. McKeon, Osborn & Hiner, Indianapolis, for appellant.

Richard D. Wagner, James G. McIntire, Krieg, DeVault Alexander & Capehart, Indianapolis, for appellees.

SHIELDS, Judge.

Brendonwood Common (Brendonwood) appeals from the trial court's denial of a motion under Indiana Rules of Procedure, T.R. 60(B) to vacate and re-enter a judgment so as to permit an appeal on the merits.

We affirm.

Appellees Howard and Sally Kahlenbeck filed a complaint for a preliminary and permanent injunction. Hearings were held on the complaint on February 15 and February 22, 1979. At the conclusion of the February 22 hearing the trial judge requested proposed findings and informed the parties:

"But I'll tell you right now, I'm not going to be on this for a little while. I've got some other cases under advisement that I have to get out first."

Brendonwood's proposed findings were mailed to the trial court on February 26, 1979; Kahlenbecks' proposed findings, previously submitted to the court, were mailed March 3, 1979, and received by Brendonwood on March 7, 1979. The record is silent as to the date Kahlenbecks' proposed findings were submitted to the court, but it was on or before March 1, 1979 because their proposed findings were in fact adopted and entered by the trial court. On March 1, 1979, the trial court granted the injunction and entered judgment in favor of the Kahlenbecks. Neither party received notice of the entry of judgment or was aware judgment had been entered until May 11, 1979, well after the time allowed for filing a motion to correct errors had elapsed. On May 25, Brendonwood filed its motion for relief from judgment in which Brendonwood sought to have the judgment vacated and re-entered so that it could file a timely motion to correct errors. This motion was denied.

Brendonwood contends on appeal that, because it was misled by the court as to when judgment would be entered and it failed to receive notice of the entry of judgment, the trial court was required to grant relief from the judgment. The Kahlenbecks contend that T.R. 72(D) provides in pertinent part:

"Immediately upon the entry of a ruling upon a motion, an order or judgment the clerk shall serve a notice of the entry .... Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the Appellate Rules."

On its face T.R. 72(D) apparently bars the relief sought by Brendonwood. However, it is settled that in cases presenting mitigating circumstances or special hardship a trial court, in the exercise of its equitable discretion under T.R. 60(B), may relieve a party who did not receive notice of entry of a ruling, order, or judgment from the strict application of T.R. 72(D). *Soft Water Utilities, Inc. v. LeFevre*, (1973) 261 Ind. 260, 301 N.E.2d 745; *The Buckeye Cellulose Corp. v. Braggs Electric Construction Co.*, (8th Cir. 1977) 569 F.2d 1036; *Fidelity & Deposit Co. of Md. v. USAFORM Hail*

*Pool, Inc.,* (5th Cir. 1975) 523 F.2d 744; *Expedition Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute,* (1974) 163 U.S.App.D.C. 140, 500 F.2d 808; *Smith v. Jackson Tool & Die, Inc.,* (5th Cir. 1970) 426 F.2d 5.

In *Soft Water Utilities Inc.,* the Indiana Supreme Court affirmed a vacation and re-entry of a ruling on a motion to correct errors. There the appellant did not receive notice of the entry on the ruling. However, counsel for appellant was diligent in attempting to ascertain the trial court's ruling but received misinformation from the clerk on the day the motion was ruled upon. The court held that this situation was a "reason justifying relief from the operation of a judgment." 301 N.E.2d at 750.

In *Buckeye Cellulose, Fidelity and Deposit Co., Expedition Unlimited,* and *Jackson Tool & Die* none of the parties knew of the entry of judgment and none could be said to have relied on it. Furthermore, in each case counsel diligently sought to discharge the duty implicit in Federal Rules of Civil Procedure 77(d) to make inquiries to discover the status of the case.[1]

■ In the case at hand, Brendonwood alleged it was misled by the trial court and did not receive notice of entry of judgment.

We first question the reasonableness of Brendonwood's claim that it was misled. It equates the trial judge's statement, "I am not going to be on this for a little while," to its claim that "it would be some time before judgment was rendered." That conclusion is not necessarily mandated by the trial judge's statement. Furthermore, this statement alone would not relieve Brendonwood of its duty to make suitable inquiries to discover the status of the case. *Ed Martin Ford Co., Inc. v. Martin,* (1977) Ind.App., 363 N.E.2d 1292. This is especially true from the point in time the parties had supplied the trial judge with her requested proposed findings. This duty is implicit in T.R. 72(D) and is expressly imposed by Marion County Rules of Practice and Procedure Rule 21(C). We specifically observe all counsel are from Marion County, Indiana and therefore had ready access to the rec-

ords of the court and clerk of Marion County. Brendonwood did not allege, nor did it show, that it exercised due diligence in ascertaining the status of the case.

■ A motion under T.R. 60(B) is addressed to the sound discretion of the trial court. The burden is properly upon the movant to affirmatively demonstrate that relief is necessary and just. *Soft Water Utilities, Inc. v. LeFevre,* (1973) 261 Ind. 260, 301 N.E.2d 745. Under the circumstances of this case, absent a showing of diligence notwithstanding the trial judge's statement, we cannot say the trial court clearly abused its discretion in denying the motion for relief from judgment.

Affirmed.

BUCHANAN, C. J., concurs.

SULLIVAN, J., dissents, with opinion.

SULLIVAN, Judge, dissenting.

I respectfully dissent from the majority decision to the extent that it places upon counsel the absolute "duty to make suitable inquiries to discover the status of the case" (Majority opinion p. 1337). I likewise take emphatic issue with the majority's statement that because "all counsel are from Marion County, Indiana [they] had ready access to the records of the court and the clerk of Marion County" (Majority opinion p. 1337). The latter statement carries the unmistakable implication that because the attorneys and the court were located in the same county, the requirement for constant surveillance of the records is less onerous. While I strongly believe the requirement to be unfairly burdensome even to the practitioner in a one-court county, it is even more so to the attorney of a metropolitan community containing approximately forty-one courts or divisions with separate record keeping systems.

Indiana Rules of Procedure, Trial Rule 72(D) provides:

"Notice of orders or judgments. *Immediately upon the entry of a ruling upon a motion, an order or judgment the*

1. F.R.Civ.P. 77(d) is substantially identical to Indiana's T.R. 72(D).

*clerk shall serve a notice of the entry* by mail in the manner provided for in Rule 5 *upon each party* who is not in default for failure to appear, *and shall make a note in the docket of the mailing.* Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. *Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the Appellate Rules.* Service by mail upon any attorney who is present at the time the entry is made of record shall not be required if such fact is noted in the record or is noted in the docket by the clerk.

It shall be the duty of attorneys when entering their appearance in a cause or when filing pleadings or papers therein, to have noted on the bench docket or on said pleadings or papers so filed, their mailing address, and service by mail at such address shall be deemed sufficient." (Emphasis supplied.)

The Indiana Rule is based on Fed.R.Civ.P. 77(d). Originally, the federal rule did not contain the sentence which states that lack of notice by the clerk does not affect the time to appeal. Interpreting the federal rule in its original form, the United States Supreme Court in *Hill v. Hawes* (1944) 320 U.S. 520, 523, 64 S.Ct. 334, 336, 88 L.Ed. 283, stated:

"It is true that Rule 77(d) does not purport to attach any consequence to the failure to the clerk to give the prescribed notice; but we can think of no reason for requiring notice if counsel in the cause are not entitled to rely upon the requirement that it be given. It may well be that the effect to be given to the rule is that, although the judgment is final for other purposes, it does not become final for the purpose of starting the running of the period for appeal until notice is sent in accordance with the rule."

In *Hill* the Supreme Court upheld the District Court's vacation and re-entry of judgment due to the clerk's failure to notify the parties of the entry of judgment.

As a result of the *Hill* decision, the additional sentence was added by amendment in 1946 to protect the finality of judgments. *See* Federal Advisory Committee Notes on Civil Rule 77, *quoted in* 4 W. Harvey & R. Townsend, *Indiana Practice* 513–14 (1971). The Committee Notes state: "Notification by the clerk is merely for the convenience of litigants." *Id.* at 514. It would appear, however, that litigants are not, in fact, aided by the provision when they are precluded from relying upon it.

To further complicate matters, a litigant may rely upon notification by the clerk in non-appeal matters. *See State ex rel. Sargeant v. Vigo Superior Court* (1973) 260 Ind. 472, 296 N.E.2d 785 (change of venue). Appeal should be no less protected than a change of venue.

Moreover, in certain circumstances, a judgment may be vacated and re-entered for the purpose of permitting appeal. *See Soft Water Utilities Inc. v. LeFevre* (1973) 261 Ind. 260, 301 N.E.2d 745. It would appear that the amendment, rather than achieving its goal, has instead injected more unpredictability into the law.

The practical effect of the current version of T.R. 72(D) as interpreted by the majority is to require attorneys to regularly inspect the docket sheet for every case in every court in this state if it has reached a point at which judgment may be rendered. Furthermore, to be completely safe, the inspection must be visual since the clerk's office may supply misinformation in telephone conversations. *See Soft Water Utilities v. LeFevre, supra.*

While attorneys should certainly be diligent in keeping track of the status of their cases, such efforts should not be required in a manner which results in a disproportionate increase in costs to the client. Ind. Rules of Procedure, Trial Rule 1 states that the rules "shall be construed to secure the just, speedy and inexpensive determination of every action." Inexpensiveness should not be sacrificed for a practice, the efficiency of which is questionable at best. In most cases, the clerk will promptly notify the

parties thereby rendering pointless the efforts of the attorneys involved to keep apprised of the status of the case.

The burden imposed by the majority upon every attorney to constantly check the courthouse records is to say that only large and affluent law firms, which can retain numerous clerks or para-legals to check court records, can provide fair and adequate legal representation. Outmoded rules and procedures should not be blindly followed merely because they were comfortable and promotive of a relaxed and club-like practice of law in a bygone era. Lawyers no longer have the luxury of congregating on a daily, if not hourly, basis around the courthouse potbellied stove for purposes of information gathering and story swapping. Outmoded practices should not continue merely because "things have always been done this way". Those which are not effi-cient or promotive of competent legal representation should be discarded.

As stated by Yates and Aston, JJ. in *Leach v. Three of the King's Messengers* (1765) 19 How.St.Tr. 1002, 1027:

"[N]o degree of antiquity can give sanction to a usage bad in itself."

More recently, some three months ago in *Eberbach v. McNabney* (2d Dist. 1980) Ind. App., 413 N.E.2d 958, 962, quoting from *Travelers Indemnity Co. v. United States* (10th Cir. 1967) 382 F.2d 103, 106, we said:

"The ends of justice are not served when forfeiture of just claims because of technical rules is allowed." [1]

---

1. One might somewhat parenthetically wonder whether a litigant who has lost the right to a meritorious appeal because of the failure of the Clerk to carry out the duties and responsibilities of that office could find solace in I.C. 33–15–14 2 (Burns Code Ed.1975). That statute provides that the Clerk's bond is "conditioned for the faithful discharge of the duties of his office."