**BRENDONWOOD COMMON, Appellant
(Defendant Below),**

v.

**Howard KAHLENBECK, Jr. and Sally A.
Kahlenbeck, Appellees
(Plaintiffs Below).**

**No. 2–1179A352.**

Court of Appeals of Indiana,
Second District.

April 30, 1981.

Transfer Denied Oct. 6, 1981.

William M. Osborn, Thomas J. McKeon,
Osborn & Hiner, Indianapolis, for appellant
(defendant below).

Richard D. Wagner, James G. McIntire,
Kreig, DeVault, Alexander & Capehart, In-
dianapolis, for appellees (plaintiffs below).

## ON PETITION FOR REHEARING

SHIELDS, Judge.

Brendonwood Common petitions this
court to rehear an appeal which affirmed
the trial court's denial of an Indiana Rules
of Procedure, Trial Rule 60 motion for re-
lief from judgment.

Brendonwood, because it did not receive
notice of entry of judgment until after the
time allowed for filing a motion to correct
errors, filed a T.R. 60 motion for relief from
judgment which was denied.

In affirming this denial, we held: "Bren-
donwood did not allege, nor did it show,
that it exercised due diligence in ascertain-
ing the status of the case.... [A]bsent a
showing of diligence ..., we cannot say the
trial court clearly abused its discretion in
denying the motion for relief from judg-
ment." *Brendonwood Common v. Kahlen-
beck*, (1981) Ind.App., 416 N.E.2d 1335 at
1337.

In its petition for rehearing Brendonwood
complains that we failed to consider the
affidavit of William C. Beckman which was
filed with this court. The affidavit stated
that Beckman checked the docket sheet on
May 11, 1979 and the judgment had not yet
been entered.

In reviewing the decision of the trial
court we consider the record compiled in the
trial court. We do not consider evidence
presented for the first time on appeal.[1]

Petition for Rehearing denied.

BUCHANAN, C. J., concurs.

SULLIVAN, J., dissents, with opinion.

SULLIVAN, Judge, dissenting.

I dissent and would grant rehearing for
the reasons set forth in my dissenting opin-
ion in *Brendonwood Common v. Kahlen-
beck*, (2d Dist. 1981) Ind.App., 416 N.E.2d
1335.

The majority opinion upon rehearing
merely emphasizes the absence of rationali-
ty in the requirement for constant surveil-
lance of court records by counsel. Whether
the affidavit or Mr. Beckman would consti-
tute a basis for reversal of the denial of
T.R. 60 relief is not of particular signifi-

---

1. The amount of diligence alleged in the affida-
vit is questionable. It alleges the docket sheet
was checked on May 11, 1979, months after the
Feb. 22, 1979 trial, and, interestingly, the same
day notice of the judgment entry was received.

Also, necessarily the affidavit *does not and
cannot* set forth any facts which in any way
lend themselves to a claim that Brendonwood
was misled by the absence of an entry on May
11, the day it checked.

cance at this stage. The affidavit, however, does demonstrate that an attorney, diligent to a fault, who would have checked the records of Marion Superior Court, Division 3 every day from the date of trial, February 22, 1979, to and including May 11, 1979, would not have discovered the entry of judgment. It would appear therefore that no matter how diligent, an attorney in this case would not have discovered the entry of judgment until after the time had expired for the filing of a Motion to Correct Errors.