**FIRST NATIONAL BANK & TRUST COMPANY OF CRAWFORDSVILLE, as Executor of the Estate of Leota R. Parker, David A. Stephens and Beverly J. Stephens, Defendants-Appellants,**

v.

**Forrest COLING, Jr., Wayne Coling, Phyllis Arline Erlick, Mary Jo Rick, Patricia Trice and Shirley Kiser, Plaintiffs-Appellees.**

No. 1–1080A274.

Court of Appeals of Indiana,
First District.

May 11, 1981.

---

James R. Earnshaw, Harding & Henthorn, Crawfordsville, for defendants-appellants.

Edward L. Kennedy, Moore, Sandy, Moore & Deets, Lafayette, for plaintiffs-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The First National Bank & Trust Company of Crawfordsville, as Executor of the Estate of Leota R. Parker ("Bank"), David A. Stephens, and Beverly J. Stephens, appeal from a judgment of the Montgomery Circuit Court granting the motion for relief from judgment under Ind. Rules of Procedure, Trial Rule 60(B), filed by Forrest Coling, Jr., Wayne Coling, Phyllis Arline Erlick, Mary Jo Rick, Patricia Trice, and Shirley Kiser. We affirm.

## STATEMENT OF THE FACTS

Leota R. Parker died on October 20, 1978. An instrument purporting to be her will was probated on October 26, 1978, and Bank was appointed as executor of her estate. On March 23, 1979, Forrest Coling, Jr., Wayne Coling, Phyllis Arline Erlick, Mary Jo Rick, Patricia Trice, and Shirley Kiser, ("Plaintiffs") as the only heirs at law of the decedent, filed an action to contest decedent's will which was duly filed and docketed as Cause No. C–79–130.[1] On the same date,[2] the same persons as the plaintiffs in the will contest action filed with the Clerk of the Montgomery Circuit Court, another pleading designated "Claim" which pleading purported to be a claim against the estate.[3] The Clerk did not enter the claim

---

1. Named as defendants in the will contest action were the Bank as executor, and David A. Stephens and Beverly J. Stephens, as beneficiaries under the contested will.

2. The record does not reflect when the first published notice to creditors required by Ind. Code 29–1–7–7 was published. Since the notice could not have been published earlier than the date of the probate of the will and issuance of letters testamentary, which was October 26, 1978, the filing on March 23, 1979, was within five months of the first published notice as required by Ind. Code 29–1–14–1.

3. The "claim" sought to set aside a contract for the sale of real estate alleged to have been entered into by the decedent as seller and the

upon the claim and allowance docket in the estate. (*See* Ind. Code 29–1–14–2 and 29–1–14–10). Instead, the clerk entered the same cause number (C–79–130) as the will contest action on the "claim," and filed the "claim" with the papers and pleadings in the will contest action.

On April 10, 1979, the Bank, as executor, filed a motion to dismiss the claim asserting that it was not filed within five months of the date of the first published notice to creditors as required by Ind. Code 29–1–14–1, but rather, was brought by complaint and summons as proscribed by Ind. Code 29–1–14–2, and was, therefore, barred. The trial court sustained the motion and dismissed the claim on October 1, 1979. Thereafter, on November 30, 1979, the plaintiffs filed a motion to correct errors.[4] The court overruled the motion to correct errors on the same day it was filed. No notice of this ruling was given to counsel for either side.

On July 1, 1980, the plaintiffs filed their motion for relief from judgment under T.R. 60(B)(1) asserting mistake, surprise, and excusable neglect, and requesting the court to set aside its order overruling their motion to correct errors. Specifically, the T.R. 60(B)(1) motion stated that no notice of the ruling on the motion to correct errors was ever received; that counsel for plaintiffs and counsel for the estate had agreed upon oral argument on the motion to correct errors; that since no notice was given of the denial of the motion to correct errors, plaintiffs were deprived of their right to file a timely praecipe for appeal; and that subsequent to the expiration of the time to file a praecipe, counsel had reaffirmed their agreement to have the motion to correct errors set for oral argument at the earliest possible time. The motion for relief from judgment was supported by the affidavit of opposing counsel confirming that both attorneys were awaiting a date to be set by the court for argument on the motion to

correct errors, and that neither received notice of the ruling thereon, and further confirming the allegations of the motion.

The trial court, on July 10, 1980, granted the motion for relief from judgment, finding:

"Petitioner having heretofore filed Motion for Relief from Judgment on July 1, 1980, which reads as follows: (H.I.), and the court being duly advised, now finds that in this cause a complaint to contest will has been filed on March 23, 1979, and on the same day in this cause was filed a pleading entitled claim, evidently prepared to be filed in an estate. The court finds further that the complaint to contest will was timely filed and that the claim itself would have been timely filed had it been filed properly in the office of the Clerk of the Montgomery Circuit Court. The Court finds that the erroneous filing of the claim constitutes excusable neglect on the part of the plaintiff's attorney, and that the Clerk of the Montgomery Circuit Court did not give notice to the attorneys for the parties of the ruling on the Motion to Correct Errors made November 30, 1979. The Court further finds that any failure of the attorneys to learn of the ruling of the Motion to Correct Errors under such circumstances was excusable neglect on the basis of the Affidavits filed with the Motion for Relief. Therefore, the Court finds that its denial of the Motion to Correct Errors on November 30, 1979, should be vacated and set aside; that Order to dismiss of October 1, 1979 should be vacated and set aside and the claim heretofore filed as part of the Civil Cause should be transferred by the Clerk to the Estate claim docket and should be treated for all purposes hereafter as if filed March 23, 1979, as a claim against the Estate of Leota R. Parker, being Cause No. E78–101 in the Montgomery Circuit Court;

---

Stephenses as buyers, alleging unsoundness of mind of the decedent, false representation by the buyers, and inadequacy of consideration. The "claim" also sought judgment against the executor for $45,000.00, the appraised value of the real estate. No question was raised as to whether this pleading is in fact a claim against the estate. In fact, it is conceded by all parties

to be a claim. Timeliness and manner of filing were the only issues raised.

4. The motion to correct errors contended the "claim" was timely and properly filed and that the court's sustaining of the motion to dismiss was erroneous.

that it should be treated as a denied claim and put on the trial docket."

The court then entered judgment on its findings. It is from this judgment the appeal is taken.

## ISSUES

The sole issue presented for our decision is whether it was error for the trial court, after having overruled the plaintiffs' motion to correct errors, to grant plaintiffs' T.R. 60(B)(1) motion for relief from judgment, and to enter the judgment finding the claim to have been timely filed.

## DISCUSSION AND DECISION

The Bank contends that lack of notice of the ruling on the motion to correct errors did not, under Ind. Rules of Procedure, Trial Rule 72(D), affect plaintiffs' time to appeal. That rule requires the clerk to serve a notice of the entry of a ruling on a motion on each party immediately upon entry of the ruling, and further provides:

"Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the Appellate Rules...."

On its face, the quoted portion of T.R. 72(D) would appear to support the Bank's contention that lack of notice of the ruling was not excusable neglect, and that the trial court's ruling was erroneous. Examination of pertinent cases, however, compels a contrary conclusion.

In *Wadkins v. Thornton*, (1972) 151 Ind. App. 380, 279 N.E.2d 849, a motion to correct errors addressed to the granting of summary judgment for the plaintiff was overruled on May 26, 1971. On August 13, 1971, the trial court reentered its order of May 26, 1971, in these words: "By agreement, the order over-ruling [sic] the Motion to Correct Errors is now re-entered as of July 1, 1971." No reason or explanation was given for that entry. The record on appeal was not filed within ninety days of the May 26 date, but was filed within ninety days of the July 1 date. This court dismissed the appeal, Judge Buchanan, writing for the court, stating: "It is our

opinion that this appeal must be dismissed because the trial court did not have power subsequent to overruling the Motion to Correct Errors to change the date of this action to a later date *without good cause.*" (Emphasis added.) 151 Ind.App. at 382–383. The opinion in *Wadkins* further stated that T.R. 60 set forth the "good causes" which warrant relief from judgment, and opined that a ruling on a motion to correct errors is a judgment within the framework of T.R. 60.

In *Soft Water Utilities, Inc. v. Le Fevre*, (1973) 261 Ind. 260, 301 N.E.2d 745, judgment was entered against Soft Water on May 3, 1972. Soft Water filed its motion to correct errors on June 30, 1972. Soft Water's attorneys then contacted the clerk to determine if any ruling had been entered and were advised by telephone on July 10, 1972, that the motion to correct errors had not been received. Soft Water forwarded two more copies of the motion on July 13 and on August 12, wrote the trial judge who informed Soft Water that its motion to correct errors had been overruled on July 10, 1972, the very day the clerk had advised that the motion had not been received. The time to file a praecipe had thus expired. On August 23, 1972, Soft Water filed a motion for relief from judgment under T.R. 60(B). The trial judge granted the motion and changed the date of the overruling of the motion to correct errors to August 14, 1972. Our supreme court held that under the circumstances of this case, the trial court did not abuse its discretion in changing the date of the ruling on its motion to correct errors. Thus, while lack of notice alone may not automatically require reopening of the judgment, a lack of notice coupled with misinformation from a court official, presented sufficient good cause for the granting of equitable relief. *Soft Water Utilities, supra.*

In *Auto-Teria, Inc. v. Ahern*, (1976) 170 Ind.App. 84, 352 N.E.2d 774, *trans. den.* (1977), counsel filed a motion to correct errors on June 4, 1973, the last day to file the same. He personally applied the court file stamp. Since it was near the close of the business day, pursuant to customary practice, the room clerk had advanced the

file stamp to the next day. Consequently, the file stamp bore the date of June 5. This court, relying upon *Soft Water Utilities* concluded that relief under T.R. 60(A) to correct clerical errors was proper and that the trial court should have corrected its record in order that Auto-Teria would not be deprived of its right to appeal.

The Bank's argument that plaintiffs' failure to file a praecipe within thirty days of the ruling on the motion to correct errors as required by Ind. Rules of Procedure, Appellate Rule 2(A) precludes this appeal, and that under T.R. 72(D) lack of notice of the ruling forms no basis for relief is not necessarily persuasive and controlling. As Justice Hunter observed in *Soft Water Utilities*:

> "Certainly, the orderly procedure of our judicial system calls for adherence to rules designed to achieve that goal. *But we should never ignore the plain fact that the consequence of strict adherence to procedural rules may occasionally defeat rather than promote the ends of justice.*" (Emphasis added.)

261 Ind. at 269, 301 N.E.2d at 750.

Neither do we accept the Bank's contention that the decisions of this court in *Warner v. Young America Volunteer Fire Dept.*, (1975) 164 Ind.App. 140, 326 N.E.2d 831, and *Snider v. Gaddis*, (1981) Ind.App., 413 N.E.2d 322, *trans. den.*, stand for the position that a T.R. 60(B) motion for relief from judgment was not available to plaintiffs here. In *Warner*, a motion to correct errors was filed and overruled. A praecipe was filed as required, but no appeal was perfected. Some five months later, the defendant filed a T.R. 60 motion for relief from judgment raising primarily the same issues as raised in the motion to correct errors. This court held in *Warner* that a T.R. 60 motion could not be thus used to revive a forfeited right of appeal.

In *Snider*, no motion to correct errors was filed. After the expiration of the time allowed for filing a motion to correct errors under Ind. Rules of Procedure, Trial Rule 59, Sniders filed a T.R. 60 motion for relief from judgment. All of the grounds asserted in the T.R. 60 motion could have been presented in a T.R. 59 motion to correct errors. We held in *Snider* that any issue which could have been raised by a timely motion to correct errors and a timely direct appeal may not be the subject of a motion for relief from judgment under T.R. 60.

Neither *Warner* nor *Snider* involved questions of lack of notice of the trial court's ruling, or other claims of excusable neglect such as asserted here or in *Soft Water Utilities* or *Auto-Teria*. *Warner* and *Snider* are clearly distinguishable and inapplicable.

The question thus becomes whether or not the trial court was justified in finding that plaintiffs were entitled to relief from judgment under T.R. 60(B)(1), which provides:

> "(B) Mistake-Excusable neglect-Newly discovered evidence-Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from an order, entry of default, proceeding, or final judgment, including a judgment by default, for the following reasons:
>
> "(1) mistake, surprise, or excusable neglect; . . ."

A motion under T.R. 60(B) is addressed to the equitable discretion of the court. *Soft Water Utilities, Inc. v. Le Fevre, supra; Snider v. Gaddis, supra; Grecco v. Campbell,* (1979) Ind.App., 386 N.E.2d 960. There are no fixed rules for determining what facts and circumstances constitute excusable neglect; rather, that determination is left to the discretion of the trial court. *Grecco v. Campbell, supra.* The burden is upon the movant to establish affirmatively a right to relief. *Soft Water Utilities, Inc. v. Le Fevre, supra; Snider v. Gadis, supra.* The scope of appellate review of the granting or denial of a T.R. 60(B) motion is limited to the question of whether or not the trial court abused its discretion. *Grecco v. Campbell, supra; Snider v. Gaddis, supra; Whitaker v. St. Joseph's Hospital,* (1981) Ind.App., 415 N.E.2d 737 (transfer pending).

"An abuse of discretion will be found only where the court's conclusion and judgment is an erroneous one, 'one clearly

against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Summerlot v. Summerlot*, (1980) Ind.App., 408 N.E.2d 820; *Whitman v. Whitman*, (1980) Ind.App., 405 N.E.2d 608; *Clark v. Clark*, (1980) Ind.App., 404 N.E.2d 23. Within the foregoing rules and guidelines, we now examine the trial court's judgment to determine if there was an abuse of discretion.

■ In view of the evidence of the erroneous mode of filing the "claim" by the clerk, the failure of the clerk to give notice to counsel for either side of the ruling on the motion to correct errors, the fact that the attorneys had agreed to oral argument on the motion to correct errors and were awaiting a date from the court for the argument, and that even after the expiration of the time to file a praecipe, counsel, unaware of the ruling on the motion to correct errors, reaffirmed their agreement to argue orally the motion to correct errors, and giving the trial court's determination the deference which we are required to extend to it, we cannot say, as a matter of law, that the trial court abused its discretion in granting the motion for relief from judgment. Accordingly, we hold that the trial court did not abuse its discretion.

We do not consider our determination here to be counter to the recent decision of the Second District of this court in *Brendonwood Common v. Kahlenbeck*, (1981) Ind.App., 416 N.E.2d 1335 (rehearing denied with opinion April 30, 1981) (Sullivan, J., dissenting). *Brendonwood* recognized that in cases presenting mitigating circumstances or special hardship, a trial court could, under T.R. 60(B), relieve a party who did not receive notice of a ruling from strict application of T.R. 72(D). *Brendonwood*, however, held that there were no such mitigating circumstances shown, nor was there any showing of facts which were sufficient to relieve counsel from the duty of making inquiry as to the status of the case, and affirmed the trial court's denial of the motion for relief from judgment.

In *Grecco, supra*, Judge Staton said at 386 N.E.2d 962:

"[M]erely because we conclude that the trial court might not have abused its discretion by granting the motion to vacate [a T.R. 60(B) motion] on these facts, it does not necessarily follow that the court did abuse its discretion when it denied the motion." (Our insertion.)

We believe the converse is also true and that a conclusion that the court might not have abused its discretion had it denied the motion does not necessarily require a conclusion that granting such a motion would constitute an abuse of discretion. Consequently, we do not believe the holding in *Brendonwood* requires us to reverse the trial court in this case. We do not consider the holding in *Brendonwood* to be inconsistent with our decision here.

Having determined that the trial court did not abuse its discretion in granting relief from judgment, we next consider the propriety of the relief granted. In *Soft Water Utilities, Inc. v. Le Fevre, supra*, the relief granted was the reentry of the ruling on the motion to correct errors at a later date. However, we do not believe that was the only remedy available to the court here. Trial Rule 60 specifically provides the relief which can be granted under that rule. Trial Rule 60(D) provides:

"(D) Hearing and relief granted. In passing upon a motion allowed by subdivision (B) of this rule the court shall hear any pertinent evidence, allow new parties to be served with summons, allow discovery, grant relief as provided under Rule 59 or otherwise as permitted by subdivision (B) of this rule."

Trial Rule 59 provides, in relevant part:

"(I) Relief granted on motion to correct error. The court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the errors:

"(1) Grant a new trial;

"(2) *Enter final judgment*;

"(3) *Alter, amend, modify or correct judgment*;

"(4) Amend or correct the findings or judgment as provided in Rule 52(B);

"(5) In the case of excessive or inadequate damages, enter final judgment on the evidence for the amount of the proper damages, grant a new trial, or grant a new trial subject to additur or remittitur;

"(6) Grant any other appropriate relief, or make relief subject to condition; ..." (Emphasis added.)

Clearly, the court, in ruling upon the motion to correct errors, could have granted the relief here granted. Therefore, it was proper for the court to grant the same relief under the T.R. 60(B) motion for relief from judgment. Once the court vacated its original ruling denying the motion to correct errors, which it properly could do pursuant to the T.R. 60(B) motion, *Soft Water Utilities, Inc. v. Le Fevre, supra,* the court was then free to enter any appropriate judgment made available under T.R. 59 or T.R. 60. That is precisely what the court did. There is no abuse of discretion and no reversible error.

Judgment affirmed.

NEAL, P.J., and ROBERTSON, J., concur.