Peter A. **BLICHERT**, M.D., Appellant
(Defendant Below),

v.

Linda **BROSOSKY**, Appellee
(Plaintiff Below).

No. 3–1081A261.

Court of Appeals of Indiana,
Third District.

June 28, 1982.

John M. Clifton, Jr., John F. Lyons, Barrett, Barrett & McNagny, Fort Wayne, for appellant.

Edgar A. Grimm, Frank Stewart, Grimm & Grimm P. C., Auburn, for appellee.

STATON, Judge.

Blichert appeals from the trial court's judgment relieving Brososky from the court's previous judgment dismissing Brososky's complaint for failure to prosecute her civil action against Blichert. On appeal Blichert raises the following issue:

(1) Did the trial court err by relieving Brososky from its judgment dismissing her civil action?

We reverse.

## I.

### Relief from Judgment of Dismissal

Brososky filed a medical malpractice complaint against Dr. Blichert on April 28, 1977. Blichert answered, requested a change of venue, and filed interrogatories on May 11, 1977. Blichert further filed a motion for production of documents on October 19, 1977. After this, the case became dormant until December 20, 1979 when the trial court on its own motion set January 21, 1980 as a dismissal date. Because Brososky failed to prosecute her complaint by January 21, 1980, the court entered a judgment of dismissal pursuant to Trial Rule 41(E) on February 25, 1980.[1]

---

1. "The court having notified plaintiff's attorney by U. S. mail this cause would be dismissed

Fifteen months later on May 7, 1981, Brososky petitioned the trial court pursuant to TR. 60(B) for relief from the court's judgment of dismissal. After a hearing on June 2, 1981, the trial court relieved Brososky from the judgment of dismissal and reinstated her civil action against Blichert.

Brososky argues that her petition is based on the lack of actual notice of the trial court's judgment of dismissal and that it does not fall within the terms of TR. 60(B)(1). Brososky contends the trial court acted within its discretion pursuant to TR. 60(B)(8) by relieving her of the judgment of dismissal. Blichert answers that the trial court lacked jurisdiction to relieve Brososky from the judgment of dismissal. Blichert contends that Brososky's petition fell within the terms of TR. 60(B)(1) and that the petition was untimely because it was filed more than a year after the trial court had entered its judgment of dismissal. Blichert further argues that even if Brososky's petition fell within the terms of TR. 60(B)(8), the trial court abused its discretion by relieving Brososky from the judgment. We agree with Blichert.

Judgments determine and settle the rights and claims of disputing parties. Once rendered, they are the final resolution of the parties' dispute unless a party to the action pursues an attack on the judgment under Trial Rule 59 or Trial Rule 60. Judgments may be attacked either on the merits of the claim or on procedural grounds. An attack based on the legal merits of the judgment can be made only as provided in Trial Rule 59. All other attacks on a final judgment are brought under TR. 60. TR. 60 motions do not address the substantive, legal merits of the judgment as TR. 59 motions do; rather, TR. 60 motions only address the procedural, equitable grounds justifying relief from the legal finality of the final judgment.

While an appeal is allowed as a matter of right within sixty days of the judgment under TR. 59, an equitable attack on a final judgment is allowed only by the discretion of the trial court and only within the terms prescribed under TR. 60. In exercising its discretion, the trial court balances the alleged injustice suffered by the party moving for relief against the interests of the winning party and society generally in the finality of litigation. We emphasize that the trial court's discretion is circumscribed and limited by the eight categories listed in TR. 60(B). Relief from judgment under TR. 60(B)(1)—(4) is strictly limited. A motion for relief under these first four sections of TR. 60(B) must be brought not more than a year after the judgment was entered. It is an abuse of the trial court's discretion to grant a motion under TR. 60(B)(1)—(4) if more than one year has passed since the judgment was entered.

Our scope of review of the granting or denying of a TR. 60(B) motion is limited to whether the trial court abused its discretion. *First National Bank & Trust Co. of Crawfordsville v. Coling* (1981), Ind. App., 419 N.E.2d 1326, 1330. An abuse of discretion is where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.* TR. 60(B)(8) is an omnibus provision which gives broad equitable power to the trial court in the exercise of its discretion and imposes a time limit based only on reasonableness. *School City of Gary v. Continental Electric Company, Inc.* (1973), 158 Ind.App. 132, 301 N.E.2d 803, 809–10 (*trans. denied*). Nevertheless, under TR. 60(B)(8), the party seeking relief from the judgment must show that its failure to act was not merely due to an omission involving the mistake, surprise or excusable neglect. Rather some extraordinary circumstances must be demonstrated affirmatively. This circumstance must be other than those circumstances enumerated in the preceding subsections of TR. 60(B). *Public Service Commission v. Schaller* (1973), 157 Ind.App. 125, 299 N.E.2d 625, 629–30. We conclude that the trial court

January 21, 1980, for want of prosecution, and plaintiff having failed to appear and show

cause, this cause is now by the court dismissed at plaintiff's costs."

abused its discretion by relieving Brososky from its judgment of dismissal.

 Our review of the record shows that Brososky suffered the judgment of dismissal because her attorney failed to exercise due diligence by regularly checking court records to ascertain the status of her complaint against Dr. Blichert. The law imposes a duty upon attorneys to exercise due diligence by regularly checking court records to ascertain the status of pending cases. *Ed. Martin Ford Company, Inc. v. Martin* (1977), 173 Ind.App. 428, 363 N.E.2d 1292, 1295. When an attorney appears in court for a client, it becomes his duty to keep advised of the progress of the case. The attorney is primarily responsible for the conduct of his client's action. *Cooper v. Cooper* (1938), 213 Ind. 221, 12 N.E.2d 244, 246. In aid of the attorney's duty to monitor his client's action, TR. 72(D) provides that the clerk shall serve notice of all orders and judgments by mailing copies to the attorneys of record. Ind.Rules of Procedure, Trial Rule 72(D). Such mailing constitutes notice for all purposes. *State ex rel. Sargent & Lundy v. Vigo Superior Court* (1973), 260 Ind. 472, 296 N.E.2d 785, 786.

 Our review of the record shows that the only basis justifying relief from the judgment of dismissal is the failure of Brososky's counsel to monitor and check the status of her action. Brososky waited fifteen months—three months in excess of the twelve month limitation in TR. 60(B)(1)—to petition the trial court for relief from its judgment of dismissal. Indeed, the record shows an entry made by Brososky's counsel on April 28, 1977 and no further entries by the plaintiff until May 7, 1981, a hiatus of neglect lasting more than four years. We point out that defendants who were served only by publication and who were without actual knowledge of the action and judgment are subject to the one year limitation under TR. 60(B). Because Brososky was a plaintiff with actual knowledge that the action was pending, the merits of her petition for relief could not outweigh Blichert's interest in the finality of the litigation as a

matter of law. Brososky's motion is barred by her failure to file her TR. 60(B) motion within a year of the trial court's judgment of dismissal.

Judgment reversed.

HOFFMAN, P. J., concurs.

GARRARD, J., concurs in result.