Jack McILWAIN, Appellant
(Plaintiff Below),

v.

Fred SIMMONS, As Executor of the Purported Last Will and Testament of Gladus Simmons, Deceased; Martha Wert and Cynthia Wert, Appellees (Defendants Below).

No. 2–182A33.

Court of Appeals of Indiana,
Second District.

Aug. 18, 1983.

Arden W. Zobrosky, Marion, for appellant.

Richard E. Sisson, Marion, for appellees.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Plaintiff-appellant Jack McIlwain (McIlwain) appeals the trial court's denial of his motion for relief from a summary judgment which dismissed his will contest suit, claiming the clerk of the court failed to give him notice of entry of summary judgment as required by Ind. Rules of Procedure, Trial Rule 72(D).

We affirm.

## FACTS

McIlwain filed suit contesting the purported Last Will and Testament of Gladus Simmons. Fred Simmons, as executor, Martha Wert, and Cynthia Wert (Simmons) filed a motion for summary judgment. The summary judgment motion was argued on April 27, 1981, and the court took the matter under advisement. On the same date, McIlwain filed a motion to compel discovery, upon which the trial court never ruled.

On May 4, 1981, the trial court entered summary judgment in favor of Simmons, dismissing McIlwain's will contest suit. Unlike some previous orders of the court, the summary judgment entry of May 4 did not reflect that notice was ordered sent to the parties. *Record* at 115–17.

The court received a letter, on May 11, 1981, from McIlwain containing an affidavit which was not filed at the time of the summary judgment hearing. The trial court did not reply to the letter, which was received approximately seven days after the entry of summary judgment in favor of Simmons. (On its face, the letter did not require a reply from the court. *Record* at 119.) As related in McIlwain's affidavit accompanying his motion for relief from judgment, McIlwain read a notice of final accounting of the estate of Gladus Simmons in a local paper on July 29, 1981. On July 30, 1981, McIlwain, with counsel, talked by phone with the clerk's office of the Grant County Circuit Court and learned of the May 4, 1981 entry of summary judgment.

McIlwain asserts in his affidavit that the clerk admitted not sending notice to the parties and also admitted that no notice had been ordered by the trial judge. The time period for filing a motion to correct error expired thirty-two days prior to August 4, 1982, when McIlwain filed his motion for relief from judgment.[1] After a hearing and extensive briefing by counsel, the trial court denied McIlwain's motion brought pursuant to T.R. 60(B).

## ISSUE[2]

One question is presented:

Did the trial court abuse its discretion in denying McIlwain's T.R. 60(B) motion for relief from judgment because the clerk of

---

1. The effect of McIlwain's T.R. 60(B) motion is to seek leave to file a belated motion to correct error directed at the merits of the summary judgment entry.

2. McIlwain asserts that Simmons's failure to serve him with a copy of the proposed summary judgment entry which Simmons submitted to the court violates T.R. 5 and a local rule of

Grant County. He waives the error for failure to argue it in his Motion to Correct Error. A.R. 8.3(A)(7). However, we take this occasion to caution that, although the local rule is not in the record, it must not conflict with the appellate rules promulgated by the Indiana Supreme Court.

the court failed to give him notice of entry of summary judgment on May 4, 1981, as required by T.R. 72(D)?

## DECISION

PARTIES' CONTENTIONS—McIlwain asserts that he is entitled to relief because of mitigating circumstances. The failure to receive notice of the summary judgment ruling of May 4 is misleading, McIlwain contends, because he reasonably relied upon the fact that he had received previous notices from the court, that outstanding discovery orders existed, and that the trial judge did not reply to his post-summary judgment letter or inform him of the entry of judgment. He cites our decision in *Brendonwood Common v. Kahlenbeck,* (1981) Ind.App., 416 N.E.2d 1335, *trans. denied,* to support his primary argument that, because his counsel was not located in the same county as the court and opposing counsel, he was entitled to rely upon notice from the court. He asserts he used due diligence to ascertain the status of the case.

Simmons counters that McIlwain has failed to meet his burden of affirmatively showing entitlement to relief; specifically, Simmons argues, lack of notice of entry of judgment is an insufficient basis to accord relief under T.R. 60(B).

CONCLUSION—The trial court did not abuse its discretion in denying McIlwain's T.R. 60(B) motion for relief from entry of the summary judgment of May 4, 1981.

We do not write on a clean slate in determining who has the ultimate burden of ascertaining when appeal time begins to run. T.R. 72(D) is the trail blazer. It says, in part:

"Immediately upon the entry of a ruling upon a motion, an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. *Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the Appellate Rules."*

(Effective January 1, 1970) (emphasis supplied). Shortly after the rule's promulgation, in October, 1973, the supreme court decided *Soft Water Utilities, Inc. v. LeFevre,* (1973) 261 Ind. 260, 301 N.E.2d 745, which set forth and emphasized the quoted language of T.R. 72(D), but at the same time recognized an exception if a party was in fact *misled* by the clerk.

The cases subsequent to *Soft Water Utilities* have not expanded the circumstances in which grace may be granted through the good offices of T.R. 60(B).

The essence of McIlwain's argument is that the lack of notice misled him. He says a discovery order was outstanding, that the court should have responded to the letter in which he enclosed an affidavit for filing, and that he had received notice of previous entries—all sins of omission. Our reading of *Soft Water Utilities* and subsequent cases does not indicate that the "passive" factors which McIlwain identifies are, of themselves, sufficient to grant the relief sought.

In *Soft Water Utilities,* despite the clerk's assertion that notice was sent, the supreme court found cause for relief because:

"Opposing the sworn affidavit of the clerk, is the affidavit of Soft Water's attorney, alleging not only that notice was not received, that he was diligent in attempting to ascertain the trial court's ruling *but also that he, in fact, received misinformation from the court clerk on the day the motion to correct errors was ruled upon.* The clerk does not deny that he gave false information to Soft Water."

*Soft Water Utilities, supra* at 268, 301 N.E.2d at 749–50.

Other cases also require an affirmatively misleading act. *See Spence v. Supreme Heating & Air Conditioning Co.,* (1982) Ind.

.App., 442 N.E.2d 1144, *trans. denied* (mere allegation in affidavit of no receipt of notice not sufficient to accord relief); *American Fletcher National Bank & Trust Co. v. Pavilion, Inc.,* (1982) Ind.App., 434 N.E.2d 896 (clerk misrepresented date of ruling on motion to correct error in notice mailed to parties—relief granted); *First National Bank & Trust Co. v. Coling,* (1981) Ind.App., 419 N.E.2d 1326 (clerk erroneously filed claim, no notice sent, and attorneys awaiting date for oral argument on motion to correct error—relief granted); *Brendonwood Common, supra* (statement by trial judge as to when ruling would be made was not misleading and mere failure to receive notice was not sufficient to accord relief); *Goodwill v. Goodwill,* (1978), 178 Ind.App. 372, 382 N.E.2d 720, 721, n. 1 (notice card misrepresented date of motion to correct error—belated appeal allowed); *Auto-Teria, Inc. v. Ahern,* (1976) 170 Ind.App. 84, 352 N.E.2d 774, *trans. denied* (although attorney had file stamped motion to correct error on last timely date, room clerk had previously advanced file-stamp to read next day's date—relief granted). In each instance in which relief was granted there was a positive act which misled the party as to the case status. The factors McIlwain complains of do not rise to that level.

McIlwain apparently would interpret our decision in *Brendonwood* favorably to his position that "out of county" counsel suffer a special hardship. Although counsel in that case were all from Marion County, there is no authority yet affording "out of county" counsel special dispensation. Only the Indiana Supreme Court may change the specific language of T.R. 72(D). As it now reads, the rule has statewide application.

Obviously, we cannot agree with the holding of *Allstate Ins. Co. v. Neumann,* (1982) Ind.App., 435 N.E.2d 591,[3] to the degree that it held a lack of notice alone is adequate grounds for equitable relief. We do agree that we are bound by the explicit language of T.R. 72(D) and the cases which

to date have required a positive act of misleading counsel by court personnel.

Thus, we conclude the trial judge rightfully denied the motion for relief from judgment.

Affirmed.

SHIELDS, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

I dissent. The Clerk of the Grant Circuit Court admitted that McIlwain was not advised of the entry of summary judgment against him. The facts in this case demonstrate even more dramatically than *Brendonwood Common v. Kahlenbeck* (2d Dist. 1981) Ind.App., 416 N.E.2d 1335, the unconscionable burden placed upon counsel. The holding of the majority today requires a practitioner having litigation pending in many counties to monitor the records of virtually every court in every county every day. The majority may not here utilize the erroneous assumption relied upon in *Brendonwood Common,* with respect to the accessibility of records to counsel in their home county. For the reasons set forth in my dissent in *Brendonwood Common v. Kahlenbeck, supra,* 416 N.E.2d 1335 at 1337 and consistent with the holdings of the Third District in *All State Insurance Co. v. Neumann* (3d Dist.1982) Ind.App., 435 N.E.2d 591 and the First District in *First National Bank & Trust Co. of Crawfordsville v. Coling* (1st Dist.1981) Ind.App., 419 N.E.2d 1326, I would grant McIlwain's motion for leave to file a belated Motion to Correct Error.

---

**3.** Professor Harvey implicitly criticizes the rule that failure of the clerk to provide notice does not constitute excusable neglect, but recog-

nizes that parties cannot rely on the clerk for notice. 4 W. HARVEY, INDIANA PRACTICE § 72.5, at 513 (1971).