**PATTON ELECTRIC COMPANY, INC., and Ramasses Corporation, Appellants (Plaintiffs below),**

v.

**James O. GILBERT, Harry A. Crawford, Louis B. Allaire, Julian M. Bowers and Rowland E. Webber d/b/a Insurance and Risk Management, General Adjustment Bureau, Thomas Nelson Fidelity & Deposit Company of Maryland, Maryland Casualty Company, Northern Insurance Company of New York, Assurance Company of America, Pennsylvania General Insurance Company, The Camden Fire Insurance Association, General Accident Fire & Life, Assurance Corporation, Ltd., Potomac Insurance Company, Great American Insurance Company, The Hanover Insurance Company, Reliance Insurance Company, Millers National Insurance Company, Providence Washington Insurance Company, Security Insurance Company of Hartford, and Frank Thomas, Appellees (Defendants Below).**

No. 3–483A114.

Court of Appeals of Indiana, Third District.

Feb. 15, 1984.

Charles S. Gleason, Gleason, Hay & Gleason, Indianapolis, Donald F. Strutz, Roger A. Treece, Strutz & Treece, Fort Wayne, for appellants.

John F. Lyons, William F. Sweet, Jr., Charles W. McNagny, Barrett, Barrett & McNagny, Fort Wayne, Peter G. Tamulonis, Mark W. Gray, Kightlinger, Young, Gray & DeTrude, Indianapolis, for appellees.

STATON, Presiding Judge.

Patton Electric Company and Ramasses Corporation (insureds) sued James Gilbert, et al. (insurors) seeking compensatory and punitive damages alleging that insurors wrongfully and maliciously breached their insurance contract with insureds when, after insureds' building was damaged by fire, insurors refused to "pay the full amount of the agreed loss." In June of 1980, insureds' suit was dismissed for failure to prosecute. In November of 1982, insureds filed a motion to reinstate the lawsuit. Insureds appeal from the denial of that motion. The issue presented by this case is:

> Whether the trial court erred in denying insureds' motion to reinstate which was filed twenty-nine months after the suit was dismissed.

Affirmed.

Insureds filed their complaint on December 13, 1974. Various pleadings and responses were filed by the parties through December, 1978. On December 6, 1978 the trial court ruled on several pending motions, took under advisement two motions for summary judgment and a motion for separate trials, and ordered insurors to respond to insureds' "Second Amendment to Complaint by Interlineation" within thirty days. The record indicates that no pleading was filed or other action taken by either party after December, 1978. On October 25, 1979, the trial court, on its own motion, ordered the insureds to show cause, on or before November 26, 1979, why the case should not be dismissed for

lack of prosecution. Insureds failed to do so, and the case was dismissed on June 26, 1980. On November 29, 1982, insureds filed their motion to reinstate. Insureds appeal the denial of that motion.

Insureds essentially contend that the case was improperly dismissed for want of prosecution because: (1) a request for trial setting and other motions were awaiting action by the trial court; and (2) they were denied notice and the required hearing before the case was dismissed. Insureds allege that they did not discover that the case was dismissed until September, 1982, and ask this Court to look beyond the mechanical application of the trial rules and recognize that justice requires their case to be reinstated. On the other hand, insurors contend, and we agree, that insureds' failure to comply with Ind.Rules of Procedure, Trial Rule 60(B) bars reinstatement of the case.

A dismissal for failure to prosecute under TR. 41(E) is a dismissal with prejudice, unless the trial court provides otherwise. *Davidson v. American Laundry Machinery, etc.,* (1982), Ind.App., 431 N.E.2d 546, 549. TR. 41(F) provides, in part:

> "(F) Reinstatement of dismissal. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)."

Thus, the propriety of insureds' motion for reinstatement is measured by TR. 60(B). We are unpersuaded by insureds' contention that because TR. 41(E) permits a trial court to condition reinstatement of a case upon compliance with the trial rules and diligent prosecution, compliance with TR. 60(B) is unnecessary. Consideration of conditions which may be attached to the reinstatement of a case is only necessary if the case may properly be reinstated, and TR. 41(F) provides that reinstatement is to be granted in accordance with TR. 60(B).

The grounds upon which insureds base their motion for reinstatement fall within TR. 60(B)(1) and (2). Insureds argue that the dismissal was contrary to law (a ground for a motion to correct error) because various motions were pending before the court and because the dismissal was granted without notice and a hearing. It also appears that insureds contend that confusion was created by the last series of rulings by the trial court and the various motions which had not been ruled upon; therefore, their failure to further prosecute the case was excusable neglect. In either case, TR. 60(B) requires the motion for reinstatement to be made within one year of the dismissal. Insureds' motion to reinstate was filed twenty-nine months after the case was dismissed. Their failure to file the motion within one year is fatal. *Blichert v. Brososky* (1982), Ind.App., 436 N.E.2d 1165.

Finally, having failed to file their motion to reinstate within one year of the dismissal, insureds' allegation that they received no notice of either of the rule to show cause or of the dismissal itself is irrelevant. It is the duty of an attorney to regularly check the court records and monitor the progress of pending cases. *Id.* at 1168. The judgment of the trial court denying insureds' motion to reinstate, therefore, must be affirmed.

Affirmed.

GARRARD and HOFFMAN, JJ., concur.