**Robert G. WESTLAKE and Arrowhead Apartments, Ltd., Phase II, Appellants (Defendants Below),**

v.

**Paul F. BENEDICT, et al., Appellees (Plaintiffs Below).**

No. 2–1283A457.

Court of Appeals of Indiana, Second District.

Oct. 9, 1984.

Rehearing Denied Dec. 4, 1984.

---

James E. Mahoney, Barnes & Thornburg, Indianapolis, for appellants.

Thomas A. Withrow, Robert T. Wildman, Henderson, Daily, Withrow & DeVoe, Indianapolis, for appellees.

SHIELDS, Judge.

Robert Westlake and Arrowhead Apartments, Ltd., Phase II (hereinafter "Westlake") appeal the trial court's judgment granting Paul Benedict et al (hereinafter "Limited Partners") relief from the court's previous judgment of dismissal pursuant to Ind.Rules of Procedure, Trial Rule 41(E), for its failure to prosecute the action.

The sole issue for our consideration is whether it was an abuse of the trial court's equitable discretion to grant Limited Partners' motion to vacate the judgment of dismissal and to reinstate the action.

We affirm.

Limited Partners is a group comprised of twelve (12) of the fourteen (14) limited partners of an Ohio partnership, Arrowhead Apartments, Ltd., Phase II. Robert Westlake and Glenn Shepherd (Shepherd) are the two general partners in charge of the administration of the partnership. Alleging a mismanagement of partnership affairs, Limited Partners filed a complaint against Westlake requesting the court find just cause for the removal of Robert Westlake as a general partner and to require a full and accurate accounting as to partnership affairs. A similar action, brought by Shepherd, was then pending against Westlake in Ohio. Westlake timely filed his answer to Limited Partners' complaint on October 27, 1981. The record reveals no further activity on the cause occurred until May 13, 1982, when the court entered the following order: "Call of Docket [a hearing on dismissal] on June 25, 1982 at 10:30 A.M., cards mailed. Cause will be dismissed unless good cause be shown." Record at 44. Counsel for Limited Partners did not attend the June 25th hearing. Thereafter, on July 7, 1982, the trial court entered a judgment of dismissal pursuant to T.R. 41(E), for Limited Partners' failure to show good cause for the prosecution to continue.

On March 16, 1983, Limited Partners filed its verified Motion to Vacate Judgment of Dismissal and to Reinstate Action, contending its counsel did not receive notice of the court's order scheduling the

matter for a call of the docket or notice of the court's order dismissing the action. The motion was supported by the affidavits of the attorneys representing Limited Partners. Each attorney attested he had not received notice of the hearing or the order of dismissal and he had first learned of the dismissal on March 4, 1983, when counsel for Westlake was contacted regarding a discovery request. Westlake responded to the motion, arguing Limited Partners had failed to demonstrate mistake, surprise, or excusable neglect justifying reinstatement pursuant to Ind.Rules of Procedure, Trial Rule 60(B)(1).[1] In its verified reply to Westlake's response to its motion to reinstate, Limited Partners stated it had

"withheld such action in anticipation of certain discovery and actions by Glenn Shepherd [the general partner who had instituted an action against Westlake] in Hamilton County Court of Common Pleas. Plaintiffs believed certain economy of expense and judicial time could be achieved if discovery obtained by Glenn Shepherd could be shared with and used by plaintiffs in this action."

Record at 60. After hearing argument on Limited Partners' motion, the court vacated its July 7, 1982 judgment of dismissal and reinstated the action. This appeal follows the trial court's denial of Westlake's motion to correct error.

█ Our review of a trial court's decision on a motion for relief from judgment under T.R. 60(B) is limited to whether the trial court abused its discretion. *Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332 (Ind.1983). An abuse of discretion occurs where the trial court's ruling is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *First National Bank and Trust Co. of Crawfordsville v. Coling*, 419 N.E.2d 1326 (Ind.App.1981). Whether the facts and circumstances constitute excusable neglect is a determination left to the discre-

tion of the trial court. *Id.; Grecco v. Campbell*, 179 Ind.App. 530, 386 N.E.2d 960 (1979). "It is the necessarily *ad hoc* nature of resolution of T.R. 60(B)(1) cases that places the decision primarily in the hands of the trial court." *Henline, Inc. v. Martin*, 169 Ind.App. 260, 267, 348 N.E.2d 416, 420 (1976). In light of this limited scope of review, we consider the allegation of abuse in the instant case.

█ Westlake contends Limited Partners' request for relief from judgment, premised upon its lack of notice of the hearing on dismissal or of the judgment, fails to establish "excusable neglect" under T.R. 60(B)(1). In support of his contention, Westlake cites several recent Indiana cases that hold a lack of notice alone is not sufficient to warrant equitable relief. The cases cited by Westlake are distinguishable from the instant case. In *McIlwain v. Simmons*, 452 N.E.2d 430 (Ind.App.1983); *Spence v. Supreme Heating and Air Conditioning Co.*, 442 N.E.2d 1144 (Ind.App. 1982); and *Brendonwood Common v. Kahlenbeck*, 416 N.E.2d 1335 (Ind.App. 1981), a common thread is the party who sought relief from judgment pursuant to T.R. 60(B) did so for the purpose of perfecting an appeal. In each instance, this court recognized the explicit language of Ind. Rules of Procedure, Trial Rule 72(D) and its effect on a request for relief for purposes of an appeal. That rule provides:

"Immediately upon the entry of a ruling upon a motion, an order or judgment the clerk shall serve a notice of the entry .... *Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the Appellate Rules.*" (emphasis added).

The language in the above cases to the effect a lack of notice alone is not suffi-

---

1. T.R. 60(B)(1) provides:
   "(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from

an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
   "(1) mistake, surprise, or excusable neglect;
   ..."

cient to warrant equitable relief was prompted by the court's acknowledgement it is bound by the explicit language of T.R. 72(D). Our understanding of these opinions is in accord with Judge Miller's observation, "this rule [lack of notice is insufficient ground for T.R. 60(B) relief] is typically, and more appropriately, reserved for those cases where a party seeks sanctuary within T.R. 60(B) because he claims he failed to receive notice of a ruling within sufficient time to avail himself of a motion to correct error under Ind.Rules of Procedure, Trial Rule 59." *Graham v. Schreifer*, 467 N.E.2d 800 at 804 (Ind.App.1984). Thus, inasmuch as Limited Partners did not seek relief from judgment for the purpose of perfecting an appeal, the explicit language of T.R. 72(D) relevant to appeals is not controlling in this case.

Westlake also cites *Blichert v. Brososky*, 436 N.E.2d 1165 (Ind.App.1982). However, it, too, is distinguishable. In *Blichert*, T.R. 60(B) relief was not sought to avoid the forfeiture of an appeal. This court held the trial court abused its discretion by granting plaintiff's T.R. 60(B)(1) motion for relief from judgment based upon lack of actual notice of the trial court's judgment of dismissal, because plaintiff waited fifteen months, or three months in excess of the twelve month limitation, to petition relief from judgment.[2] Because Limited Partners sought relief within one year of the dismissal judgment, *Blichert* is also distinguishable.

T.R. 60(B)(1) itself offers guidance. The rule expressly provides a judgment may be

**2.** A motion for relief under T.R. 60(B)(1)–(4) must be brought not more than a year after entry of the judgment.

**3.** In its recent decision, *Graham*, the fourth district acknowledged the unsettled nature of the abuse of discretion standard in this area.
"The abuse of discretion standard of review of trial court judgments is a broad one, and when we considered the decisions of numerous state and federal courts regarding T.R. 60(B) motions, we discovered absolutely no consistency, no pattern to what did or did not constitute an abuse of discretion. Frankly, if the trial court here had denied the motion, we would have been hard-pressed to determine *that* action

set aside for mistake, surprise, or excusable neglect. The only condition provided is the application for relief must be filed within one year of the judgment.

■ An attorney's failure to perform his duty to exercise due diligence by regularly checking court records to ascertain the status of pending cases falls within the category of neglect. *Blichert*, 436 N.E.2d at 1168. The question remains whether the trial court exercised sound discretion in determining whether that neglect is excusable.

Other than our adherence to T.R. 72(D) concerning the lack of notice and its effect on appeals, we have offered few guidelines to a trial court exercising its discretion in determining excusable neglect other than conceding

> "the mere fact that the trial court might not have abused its discretion by denying a T.R. 60(B) motion does not mean that granting such motion constitutes an abuse of discretion."

*Fulton v. Van Slyke*, 447 N.E.2d 628, 636 (Ind.App.1983).[3] In *Fulton*, the trial court granted the plaintiff relief from judgment and reinstated his claim previously dismissed for his failure to appear at trial. The plaintiff based his motion for relief on his lack of notice of the date set for trial.

■ Recognizing the importance of the disposition of cases on their merits and the considerable discretion afforded trial courts in these matters, this court in *Fulton* affirmed the trial court's action. In reaching our decision we observed,

> would have been an abuse of discretion.... The equities to consider and balance in any given case are usually of such nonrepetitive nature that an overall schemata of all the T.R. 60(B) cases would more likely remind one of the shifting patterns of moire rather than of a steadfast progression between two points labeled "abuse of discretion" and "no abuse of discretion." Within this context, we have endeavored to reach a proper balance between the factual circumstances and the freedom of (and appellate respect for) the decision of the trial court, which basically is what the abuse of discretion standard is all about." *Graham*, 467 N.E.2d at 807, n. 4.

"[I]n reviewing the reinstatement of a cause of action our court has considered numerous justifying factors such as the substantial amount of money involved, the existence of a meritorious claim, the short length of time between the judgment and the request for relief, the presence of weighty policy determinations and lack of prejudice to the defendant."

*Fulton,* 447 N.E.2d at 637 (citations omitted).

Several of these factors are present here. There is no indication the claim is frivolous, substantial money is involved, and there is no claim of prejudice caused by the delay. Further, Limited Partners' desire to avail itself of the fruits of discovery in the action pending in the Ohio court, is an explanation of why Limited Partners was lulled to sleep in its own action. Taking these factors into consideration, together with the policy that favors disposition of cases on their merits, we conclude the trial court did not abuse its discretion in granting Limited Partners' motion for relief from judgment and reinstating its cause of action.

Judgment affirmed.

BUCHANAN, C.J., concurs.

SULLIVAN, J., concurs, with separate opinion.

SULLIVAN, Judge, concurring.

I enthusiastically join my colleagues in the decision affirming reinstatement of a case prematurely terminated as a result of the failure of a court or court clerk to give notice to parties. My concurrence, however, does not rest upon the tenuous distinction drawn between the application of T.R. 72(D) to cases involving an attempt to perfect an appeal and it's non-application in the situation presented here. The fact remains that in either situation the party litigant is prejudiced by the failure of the court or the court clerk to give notice of "a ruling upon a motion, an order or judgment ...." (T.R. 72(D)). It is of no moment that the prejudice is the denial of the opportunity to appellate review as opposed to one's opportunity to have a trial upon the merits.

In addition, I disassociate myself from those portions of the majority opinion which adhere to the premise that an attorney who does not regularly check court records is necessarily neglectful. *See McIlwain v. Simmons* (2d Dist.1983) Ind. App., 452 N.E.2d 430 at 433 (dissenting opinion); *Brendonwood Common v. Kahlenbeck* (2d Dist.1981) Ind.App., 416 N.E.2d 1335 at 1337 (dissenting opinion).