WILLIAM S. HENDRICKSON *v.* AMERICAN FLETCHER NATIONAL BANK AND TRUST COMPANY.

[No. 1-473A60. Filed October 2, 1973. Rehearing denied November 8, 1973. Transfer denied February 26, 1974.]

*Richard A. Young, Young & Young,* of Indianapolis, *Soshnick & Bate,* of Shelbyville, *Daily & Daily,* of Indianapolis, *Gerald W. Ohrn,* of Indianapolis, for appellant.

*Karl J. Stipher, Virgil L. Beeler, Baker & Daniels,* of Indianapolis, *James A. Emmert,* of Shelbyville, for appellee.

### ON APPELLEE'S MOTION TO DISMISS OR AFFIRM

PER CURIAM—This matter is before the Court on the appellee's Motion to Dismiss Appeal, which alleges three causes therefor: (1) That the motion to correct errors was not timely filed; (2) that the praecipe was not timely filed; and (3) that the record of the proceedings was not timely filed.

Concerning the appellee's first allegation, that the motion to correct errors was not timely filed, the record of the proceedings herein reveals the following sequence of events:

| | |
|---|---|
| 3- 2-70: | Defendant filed motion to dismiss directed to plaintiff's third amended complaint |
| 5-13-70: | Court sustained defendant's motion to dismiss |
| 6-11-70: | Plaintiff filed motion for leave to file fourth amended complaint |
| 6-29-70: | Defendant filed objections to plaintiff's motion |

7-21-70: Court sustained defendant's objections to plaintiff's motion

8-20-71: Plaintiff filed motion that judgment be entered

8-26-71: Defendant filed objections to plaintiff's motion that judgment be entered

3- 1-72: Court entered order which "confirms action taken 5-13-70 and this cause is again adjudged dismissed"

4-28-72: Plaintiff filed motion to correct errors.

The trial court's entry of May 13, 1970, reads as follows:

"Argument having been heard and taken under advisement and the Court now being advised now sustains defendants motion to dismiss."

Appellee argues that this was a final judgment to which the appellant should have filed his motion to correct errors within sixty days thereafter. The appellant contends this was not a final judgment from which an appeal could have been taken. We agree with the appellant on this point, that an Order merely sustaining a motion to dismiss, without entering judgment thereon, is not an appealable matter.

The defendant-appellee's motion to dismiss was in three rhetorical paragraphs, and alleged, (1) lack of jurisdiction of the Court over the subject matter of Paragraph II of Complaint, (2) Paragraph II of Complaint is barred by statute of limitations, and (3) Paragraphs I and II of Complaint failed to state a claim upon which relief can be granted. The Court's Order did not specify upon which allegation of the defendant's motion it was granted, therefore, we assume the Court based its ruling on all three points. Since the defendant's motion to dismiss alleged in part that the plaintiff's complaint failed to state a claim upon which relief could be granted, the plaintiff had a period of ten days during which he could have pleaded over, as a matter of right, before judgment could have been entered.

There is no question that if, after the ten day period pro-

vided for the plaintiff to plead over, the trial judge had made an entry showing that "the plaintiff having failed to plead over, the cause is now dismissed," such would have been a final, appealable judgment. Again, if at the time the plaintiff sought leave to file his fourth amended complaint, the trial court would have made an entry which denied the plaintiff's petition and dismissed the cause, that would have been a final, appealable judgment.

The conclusion that the Order of May 13, 1970, sustaining the motion to dismiss was not a final, appealable judgment is clearly supported by Rule TR. 12(B)(8), which provides in pertinent part as follows:

"When a motion to dismiss is sustained for failure to state a claim under subsection (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten (10) days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule."

Not until March 1, 1972, after the plaintiff filed a motion to enter judgment, did the trial court enter its judgment dismissing the cause, which judgment reads as follows:

"Come now the parties in person and by counsel and now the Plaintiff's Motion that judgment be entered is now presented by argument and the defendant's objections that judgment be entered is now presented by argument. And the Court having heard argument and now being duly advised, now confirms the action taken by the Court 5/13/70 wherein after argument the Court sustained the defendant's motion to dismiss, and now the Court confirms the action taken 5/13/70 and this cause is again adjudged dismissed."

This entry indicates that the trial judge *thought* he had previously dismissed the cause on May 13, 1970. However, the Order Book Entry of May 13, 1970, showed only that the defendant's motion to dismiss had been sustained. As previously set out, plaintiff still had ten days within which to plead over after that date.

Therefore, we do not agree with the first specification of

the appellee's motion to dismiss, that the motion to correct errors was not timely filed.

Appellee's second specification of its motion to dismiss argues that this appeal should be dismissed because the praecipe for the record was not filed within thirty days after the overruling of the motion to correct errors. With this contention we must agree. The record reveals the following sequence of dates:

| | |
|---|---|
| 4-28-72: | Plaintiff filed motion to correct errors |
| 10-19-72: | Motion to correct errors overruled |
| 1- 8-73: | Plaintiff filed Petition for Relief from Order overruling plaintiff's motion to correct errors |
| 1-29-73: | Defendant filed response to plaintiff's petition for relief |
| 1-31-73: | Court entered its Order setting aside its ruling of October 19, 1972, overruling the motion to correct errors and ordered the motion overruled, *nunc pro tunc*, as of 1-4-73 |
| 1-31-73: | Praecipe filed |
| 4- 4-73: | Record of proceedings filed in Court of Appeals |

We first note that the motion to correct errors was filed after April 1, 1972, therefore the provisions of Rule AP. 2(A) as amended November 30, 1971, apply. Since the plaintiff-appellant did not file his praecipe within thirty days after October 19, 1972, the date on which the motion to correct errors was overruled, his right to appeal was forfeited.

In his petition for relief from order overruling motion to correct errors, appellant's counsel stated as his cause for relief that he had not received notice of the court's ruling on the motion to correct errors. He goes on, however, to state that his local counsel had received notice, and to state that he had talked with the Clerk of the Shelby Circuit Court and she thought she had sent copies of the ruling to all counsel of record.

The defendant filed a response in opposition to plaintiff's motion, after which the court held a hearing and made its entry, reading in pertinent part as follows:

".  .  .  . the Court having been duly advised, now finds that plaintiff's chief counsel, Young and Young, of Indianapolis, Indiana, did not receive notice of the Court's ruling on the plaintiff's motion to correct errors, which said ruling was entered against the plaintiff on October 19, 1972, that the facts stated in the petition are true, and that the relief prayed for by the plaintiff should be granted. It is therefore ordered and decreed that: 1. The Court's ruling of October 19, 1972, against the plaintiff on the plaintiff's motion to correct errors be, and the same is set aside. 2. The plaintiff's motion to correct errors, filed heretofore in this cause, is now overruled nunc pro tunc, as of January 4, 1973, all as per entry on file signed by Special Judge."

Rule TR. 72(D) provides in part as follows:

"(D)   Notice of orders or judgments. Immediately upon the entry of a ruling upon a motion, an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. *Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed,* except as permitted in the Appellate Rules  .  .  ." (Emphasis added)

Rule AP. 2(A) reads as follows:

"(A)   Initiation of the Appeal. An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the proceedings, and *that said praecipe shall be filed within thirty (30) days after the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited.* A copy of such praecipe shall be served promptly on the opposing parties. (Amended Nov. 30, 1971, eff. as to all appeals where the Motion to Correct Errors is filed on or after April 1, 1972.)" (Emphasis added)

This Court had the same problem before it in the case of *Soft Water Utilities, Inc. et al.* v. *LeFevre* (1973), 293 N.E.2d

788. In that case the praecipe was not timely filed because, appellant's counsel alleged, he did not receive a copy of the court's ruling on the motion to correct errors. In that case the trial court by its Order, *nunc pro tunc*, changed the date of the overruling of the motion to correct errors so that the appellant could timely file its praecipe. This Court sustained the appellee's motion to dismiss in that case and held that the rules of the Supreme Court are binding on the courts as well as the litigants. No inferior court may circumvent the rules and thereby avoid them.

In the case now before us, as well as in the *Soft Water Utilities* case, the record shows on its face that more than thirty days elapsed between the court's ruling on the motion to correct errors and the filing of the praecipe. In both cases, the trial court changed its record to accommodate a party who claimed he did not receive notice of the court's ruling. In this case, as in *Soft Water Utilities*, we must hold that by operation of Rule AP. 2(A) the appellant had forfeited his right to appeal when he failed to file his praecipe within thirty days after October 19, 1972, and the fact that the trial court later changed its record did not revive appellant's right to appeal.

The last specification of the motion to dismiss alleges that this appeal was not perfected within ninety days after the ruling on the motion to dismiss. This, again, is apparent on the face of the record. The motion to correct errors was overruled on October 19, 1972. The record of the proceedings was not filed in this Court until April 4, 1973. No extension of time to file the record was sought and none was granted. Since the timely filing of the record of the proceedings is a jurisdictional act, this Court has no jurisdiction of this cause except to dismiss it.

The appellee's motion to dismiss is sustained, and this cause is dismissed.

NOTE.—Reported at 301 N.E.2d 530.