**Donald MARKLE, Appellant (Plaintiff),**

v.

**INDIANA STATE TEACHERS ASSOCI-ATION and Ralph Emerson, Appellees (Defendants).**

No. 29A02–8602–CV–50.

Court of Appeals of Indiana, Second District.

Oct. 27, 1986.

Sullivan, J., dissented and filed opinion.

Dean E. Richards, Indianapolis, for appellant (plaintiff).

Charles F. Cremer, Jr., Richard J. Darko, Robert G. Zeigler, Tabbert, Cremer, & Capehart, Indianapolis, for appellees (defendants).

BUCHANAN, Chief Judge.

### CASE SUMMARY

Plaintiff-appellant Donald Markle (Markle) appeals an order granting defendants-appellants Indiana State Teachers Association and Ralph Emerson [hereinafter collectively referred to as ISTA] relief under Ind.Rules of Procedure, Trial Rule 60(B) based on lack of notice of the ruling on ISTA's motion to correct error, claiming T.R. 72(D), as amended, precludes such relief under these circumstances.

We reverse.

### FACTS

The facts most favorable to the trial court's judgment indicate that Markle filed a complaint against ISTA alleging violation of the Federal Wiretap Act. After a jury verdict for Markle, the trial court entered final judgment pursuant to T.R. 54(B) on October 24, 1985. On November 4, 1985, ISTA filed two documents with the trial court: a motion to correct error and a motion to stay its third-party claim against Northwestern School Corporation (Northwestern) pending appeal. On November

19, 1985, Markle filed a statement in opposition to ISTA's motion to correct error. On November 23, 1985, a Saturday, the trial court denied ISTA's motion to correct error and granted its motion for stay of third-party claims. The following Monday, a deputy clerk added the following entry to the docket sheet indicating the trial court's rulings on the motions. The entry, excerpted from the record in its original form, is as follows:

23 Nov 85   Motion to Correct Errors filed by Defendants, Ralph Emerson and Indiana State Teachers Association, is hereby denied.  Motion for Stay of Third-Party Claims filed November 4, 1985 is hereby granted per order (H.I.).  *Darko. Taylor, Richards*

---

*Record* at 126. The clerk added the handwritten notation, "Darko, Taylor, Richards," following the typewritten docket entry and, according to her affidavit in the record, mailed copies of the docket entry to the three attorneys representing the parties in this action. Within the next few days, Richard Darko (Darko), counsel for ISTA, and J. Alton Taylor (Taylor), counsel for Northwestern, received copies of the order granting the stay only. Dean Richards (Richards), counsel for Markle, received copies of both the order granting the stay and the docket sheet showing the court's ruling on the motion to correct error. Darko and Taylor did not discover that the motion to correct error had been denied until January 8, 1986, well after the expiration of the time limit for filing a praecipe. Darko promptly filed a T.R. 60(B) motion asking the court to vacate that portion of its November 23, 1985 order in which it denied ISTA's motion to correct error. After a hearing on January 23, 1986, the trial court granted ISTA's T.R. 60(B) motion, vacated its November 23, 1985 order denying ISTA's motion to correct error, and entered a new order denying ISTA's motion to correct error as of January 27, 1986. On January 30, 1986, Markle filed a motion to correct error challenging the trial court's order granting ISTA relief under T.R. 60(B); the trial court denied this motion on January 31, 1986. This appeal ensued.

### ISSUE

One issue is dispositive:

Did the trial court abuse its discretion in granting ISTA relief under T.R. 60(B)?

### DECISION

PARTIES' CONTENTIONS—Markle contends the trial court lacked authority under T.R. 72(D) to grant relief.

ISTA responds that it falls within the exception to T.R. 72(D) because it was affirmatively misled by the trial court's apparent ruling on one of its two motions. ISTA further contends that, even if it does not fit within the exception, relief was proper because the case involves matters of great public interest.

CONCLUSION—The trial court acted without authority under the specific provisions of T.R. 72(D), as amended.

In this appeal, we are asked to consider the impact of T.R. 72(D) (amended effective January 1, 1985) on prior Indiana decisions limiting the availability of equitable relief under T.R. 60(B) to one claiming a failure of notification of a trial court's ruling. Our review of the trial court's decision on a motion for relief from judgment under T.R. 60(B) is limited to whether the trial court abused its discretion. *American Fletcher Nat'l Bank & Trust Co. v. Pavilion, Inc.* (1983), Ind., 453 N.E.2d 156; *Westlake v. Benedict* (1984), Ind.App., 469 N.E.2d 27, *trans. denied.*

Strict compliance with the time limit of Ind.Rules of Procedure, Appellate Rule 2(A) is required; failure to file a praecipe for the record within thirty days after the trial court's ruling on the motion to correct error results in forfeiture of the right to appeal. *Hendrickson v. American Fletcher Nat'l Bank & Trust Co.* (1973), 158 Ind.App. 20, 301 N.E.2d 530, *trans. denied.*

ISTA based its motion for relief under T.R. 60(B) on the contention that the notice provided by the trial court clerk misled ISTA's counsel to believe the trial court had not yet ruled on its motion to correct error. Because ISTA sought relief based on lack of notice for the purpose of perfecting an appeal, T.R. 72(D) is controlling. *See Westlake, supra; McIlwain v. Simmons* (1983), Ind.App., 452 N.E.2d 430.

T.R. 72(D) as amended provides in pertinent part as follows:

"Immediately upon the entry of a ruling upon a motion, an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice, or the lack of the actual receipt of notice of the entry by the clerk shall not affect the time within which to contest the ruling, order or judgment, *except in the following instances: wherever the mailing of the notice by the clerk of the ruling, order or judgment is not evidenced by a note made by the clerk upon the docket, and no other court record affirmatively shows that such notice was actually mailed by the clerk, the court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by court personnel.*"

(Emphasis reflects 1985 amendments). The amended rule thus specifies the limited circumstances in which a trial court may grant, pursuant to T.R. 60(B), an extension of time to initiate an appeal. The fundamental rule spelled out in *Pavilion, supra,* remains unchanged: the burden of checking court records for rulings on pending motions rests squarely on the attorney of record. *See McIlwain, supra.*

The clear language of T.R. 72(D), as amended, mandates reversal in this case. ISTA contends that it failed to initiate its appeal within the allotted time because it did not receive notice of the docket entry. Under the amended rule, the trial court is authorized to relieve ISTA of its failure to do so *only* if the clerk's mailing of the notice of the ruling is *not* evidenced by a note made by the clerk upon the docket and no other court record affirmatively shows that such notice was actually mailed by the clerk. *Id.* Thus, we are asked only to review the docket entry to resolve the issue presented in this cause. It is the law of Indiana that "the appellate tribunal is in as good a position as the trial court to interpret documentary evidence." *Draskovich v. Pasalich* (1972), 151 Ind.App. 397, 280 N.E.2d 69, *cert. denied,* 414 U.S. 976, 94 S.Ct. 291, 38 L.Ed.2d 219. An appellate court is competent because resolution requires neither reference to extrinsic evidence, nor the drawing of inferences therefrom, nor the consideration of credibility questions for its resolution. Here, the clerk's handwritten notation "Darko, Taylor, Richards" is precisely the evidence of mailing of the rulings on both the motion to correct error and on the petition for stay to which the rule refers. Therefore, the trial court was powerless under T.R. 72(D) to grant the relief ISTA sought.

Finally, ISTA asks that we exercise on its behalf our inherent power to grant time to perfect an appeal even after the expiration of time allowed by the appellate rules. *See Costanzi v. Ryan* (1977), 174 Ind.App. 454, 368 N.E.2d 12. We do not detect in this case the element of great public interest or the extraordinary circumstances referred to in *Costanzi.* Therefore, we deny ISTA's request.

Judgment reversed.

SHIELDS, J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Justice, dissenting.

The majority holds that the docket notation made by the Deputy Clerk discloses that notice of both rulings were mailed to all counsel of record on or about November 23, 1985. I disagree. The notation of three proper names without something more specific, is susceptible at best to an inference that notice of something was probably sent. The notation follows the docket indication of the ruling on the Petition for Stay. It does not directly follow the reference to the ruling on the Motion to Correct Errors; nor is there an otherwise clear and unambiguous entry showing that the latter ruling was mailed to all counsel. This sequence would just as reasonably support a conclusion that only the ruling on the Stay was mailed to counsel were it not for the representation by Markle's counsel that he received notice of the ruling on the Motion to Correct Errors.

Be that as it may, I would hold that pursuant to Ind.Rules of Procedure, Trial Rule 72(D), the trial court was entitled to relieve the appellees from the failure to file a timely praecipe. *See Westlake v. Benedict* (1984) 2d Dist.Ind.App., 469 N.E.2d 27 at 31 (Sullivan, J., concurring).