Donald MARKLE, Appellant,

v.

INDIANA STATE TEACHERS
ASSOCIATION and Ralph
Emerson, Appellees.

No. 29S02–8710–CV–968.

Supreme Court of Indiana.

Oct. 19, 1987.

Rehearing Denied Dec. 17, 1987.

Dean E. Richards, Indianapolis, for appellant.

Richard J. Darko, Tabbert & Capehart, Indianapolis, for appellees.

DeBRULER, Justice.

We grant transfer in this case to analyze the effect of the amendment to Trial Rule 72(D) effective January 1, 1985.

The pertinent facts, as related by the Court of Appeals, are as follows:

Markle filed a complaint against the Indiana State Teachers Association and Ralph Emerson (hereinafter referred to collectively as ISTA) alleging violation of the Federal Wiretap Act. After a jury verdict for Markle, the trial court entered final judgment pursuant to T.R. 54(B) on October 24, 1985. On November 4, 1985, ISTA filed two documents with the trial court: a motion to correct error and a motion to stay its third-party claim against Northwestern School Corporation (Northwestern) pending appeal. On November 19, 1985, Markle filed a statement in opposition to ISTA's motion to correct error. On November 23, 1985, a Saturday, the trial court denied ISTA's motion to correct error and granted its motion for stay of third-party claims. The following Monday, a deputy clerk added the following entry to the docket sheet indicating the trial court's rulings on the motions. The entry, excerpted from the record in its original form, is as follows:

23 Nov 85    Motion to Correct Errors filed by Defendants, Ralph Emerson and Indiana State Teachers Association, is hereby denied. Motion for Stay of Third-Party Claims filed November 4, 1985 is hereby granted per order (H.I.). *Darko, Taylor, Richards*

The clerk added the handwritten notation, "Darko, Taylor, Richards", following the typewritten docket entry and, according to her affidavit in the record, mailed copies of the docket entry to the three attorneys representing the parties in this action. Within the next few days, Richard Darko (Darko), counsel for ISTA, and J. Alton Taylor (Taylor), counsel for Northwestern, received copies of the order granting the stay only. Dean Richards (Richards), counsel for Markle, received copies of both the order granting the stay and the docket sheet showing the court's ruling on the motion to correct error. Darko and Taylor did not discover that the motion to correct error had been denied until January 8, 1986, well after the expiration of the time limit for filing a praecipe. Darko promptly filed a T.R. 60(B) motion asking the court to vacate that portion of its November 23, 1985 order in which it denied ISTA's motion to correct error. After a hearing on January 23, 1986, the trial court granted ISTA's T.R. 60 (B) motion, vacated its November 23, 1985 order denying ISTA's motion to correct error, and entered a new order denying ISTA's motion to correct error as of January 27, 1986. On January 30, 1986, Markle filed a motion to correct error challenging the trial court's order granting ISTA relief under T.R. 60(B). The trial court denied this motion on January 31, 1986.

Markle appealed the trial court's denial and the Court of Appeals reversed holding that the trial court acted without authority in granting the relief requested by ISTA, in an opinion appearing as *Markle v. Indiana State Teachers Association* (1986), Ind.App., 498 N.E.2d 1273. We grant transfer in order to clarify the application of T.R. 72(D) to the present situation.

Prior to amendment, T.R. 72(D) provided in part:

"[T]he clerk shall serve a notice of the entry by mail ... and shall make a note in the docket of the mailing ... lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed."

This rule, as amended effective January 1, 1985, now provides:

"[T]he clerk shall serve a notice of the entry by mail ... and shall make a note in the docket of the mailing ... Lack of notice, or the lack of the actual receipt of notice ... shall not affect the time within which to contest the ruling ... or authorize the court to relieve a party ... except in the following instances: whenever the mailing of the notice by the clerk ... is not evidenced by a note made by the clerk, upon the docket...."

This provision further authorizes the court upon application for good cause to grant an extension of any time limitation when these factors are present and there is a lack of actual knowledge or reliance on an incorrect representation of court personnel.

The pertinent language for our purposes in this appeal is "whenever the mailing of the notice by the clerk ... is not evidenced by a note made by the clerk upon the docket". The question we resolve is whether the entry by the clerk of the names of the three attorneys involved satisfies the requirement that mailing of the notice be evidenced by a note in the docket. We find that the listing of the three names, without further notation or any specific reference to both of the orders entered that day, does not on its face conclusively evidence the mailing as required by T.R. 72(D) and consequently the trial court had discretion to review the proceeding and make a determination under T.R. 72(D). Therefore, the opinion of the Court of Appeals is vacated and the order of the trial court reinstated.

The amendment of T.R. 72(D) came about as a result of input from the bar of Indiana. It was emphasized that the former rule effectively required attorneys to continuously check the docket books of each court in which they had a case pending in order to protect their clients from forfeiture of appellate rights due to expiration of time caused by the attorney's ignorance of the existence of a ruling or order.

In response this court amended T.R. 72(D) to its present form to provide essentially that counsel could rely on the clerk's office to send notice and if such notice was not received, to provide an avenue through which to challenge the mailing of the notice. If the docket book is clear on its face that notice was mailed, then such a challenge is precluded. However, if the docket book is unclear and no other written evidence of the mailing exists, it is proper for the trial court to entertain a motion based on that premise.

Here, there were two distinct orders entered the same date and in the same paragraph. The handwritten notation of the attorneys' names evidences that some notice was sent to each counsel. However, the notation does not follow the ruling on the motion to correct error. Had it so followed, then the docket on its face would be sufficient to preclude challenge. Since it does not directly follow and does not mention that notice of both orders was mailed, the question of notice was open for consideration.

A hearing was held and both sides presented evidence. We review the determination of the trial court only for abuse of discretion. Here, the evidence could reasonably support the conclusion that the order granting stay of third-party proceedings was the only document mailed to counsel. The deputy clerk may have inadvertently failed to include a copy of the docket entry or believed the written order on the stay covered both rulings. Since the notation in the docket did not specifically relate what was mailed, the trial court did not abuse its discretion by invalidating the November 23, 1985 denial of ISTA's motion to correct errors.

The opinion of the Court of Appeals is hereby vacated and the order of the trial court granting ISTA's T.R. 60(B) motion is affirmed and reinstated.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.