**A & S CORPORATION, an Indiana corporation; Gary Swartzell; Jackie Swartzell; Robert E. Swartzell; Anna Swartzell; David C. Albin and Michelle J. Albin, Appellants (Defendants Below)**

v.

**MIDWEST COMMERCE BANKING COMPANY, an Indiana banking corporation, Appellee (Plaintiff Below).**

No. 20A03–8708–CV–234.

Court of Appeals of Indiana,
Third District.

July 28, 1988.

William J. Cohen, Elkhart, for appellant A & S Corp.

Loren R. Sloat, Kindig & Sloat, Wakarusa, for appellants David C. and Michelle J. Albin.

David G. Thomas, Geoffrey K. Church, Barnes & Thornburg, Elkhart, for appellee.

HOFFMAN, Judge.

Defendants-appellants A & S Corporation, David Albin and Michelle Albin appeal a summary judgment granted in favor of plaintiff-appellee Midwest Commerce Banking Company. Per an order of this Court, the appeal was dismissed as to several other parties on March 8, 1988.

The facts relevant to the appeal disclose that in 1984 A & S executed promissory notes to the Bank which were guaranteed by the Albins and others. In February 1986 the Bank foreclosed on A & S and seized all corporate assets. The Bank then sold the assets and sued A & S and the guarantors for the balance due on the notes after crediting the parties with the amount received from the sale. The Bank claimed a balance of $251,785.57.

The Bank submitted a motion for summary judgment along with affidavits. The Albins responded and alleged that the Bank had orally released the guarantors for the debts of the corporation. In depositions and affidavits the defendants disagreed with the amount of money owed to the Bank and questioned whether the Bank had sold the assets in a commercially reasonable manner.

On February 25, 1987 the court granted the Bank's motion for summary judgment. On March 19, 1987 the court amended its judgment to include attorneys fees. On May 19, 1987 the Albins filed their motion to correct errors. The Bank opposed the motion and contended that it was not timely filed. The court found that the parties did not receive notice of the judgment from the clerk and that pursuant to Ind. Rules of Procedure, Trial Rule 72 an extension of time in which to file the motion should be granted.

In its written opinion granting summary judgment for the Bank, the court determined that the alleged oral releases by the Bank were not effective because the defendants did not suffer any detriment or offer any consideration. The court further found that no genuine issue of material fact existed; thus, summary judgment was proper.

As restated and consolidated, the Albins raise three issues on appeal:

(1) whether the motion to correct errors was timely filed;

(2) whether a genuine issue of material fact exists as to the validity of the oral release by the Bank; and

(3) whether a genuine issue of material fact exists as to the amount of money owed to the Bank.

■ First, the Albins argue that their motion to correct errors was timely filed inasmuch as T.R. 72(D) allows a trial court to grant an extension of time to contest any court ruling to a party who was without actual knowledge of the ruling. The original time limitation commences when the party obtains actual notice of the ruling. Ind. Rules of Procedure, Trial Rule 72(D).

The Albins allege that they did not receive actual notice until March 20, 1987. While the trial court did not determine when the parties received actual notice of the ruling, it determined that the clerk's failure to send notice of the ruling to the parties would justify an extension of the applicable time period pursuant to T.R. 72(D) and it determined that the motion to correct errors should be deemed timely.

Although this specific issue has not been decided by the Indiana appellate courts, the Supreme Court's decision in *Markle v. Indiana State Teachers Ass'n* (1987), Ind., 514 N.E.2d 612 is instructive. The Court found that T.R. 72(D) would allow an extension of time to file a praecipe in order to appeal when the docket entry did not conclusively demonstrate that the parties had been notified of the court's judgment on the motion to correct errors. *Markle, supra,* 514 N.E.2d at 613–614.

The Bank contends that various court rulings have established that despite any lack of notice, parties are obligated to file a motion to correct errors within 60 days of the court's final judgment. *See McIlwain v. Simmons* (1983), Ind.App., 452 N.E.2d 430, 432–433. The *McIlwain* decision was prior to the rule change embodied in the language of amended version of T.R. 72(D) which now specifically allows an extension of time.

The Bank further argues that T.R. 72(D) contemplates an extension of time when the parties do not receive notice from the clerk and the parties do not have actual notice. The Bank's position is well taken; however, the record does not reveal, and apparently the trial court did not believe, the parties had actual notice prior to the date they alleged as the date they received notice. Consequently, the motion to correct errors was timely filed in the present case.

■ The Albins next argue that a genuine issue of material fact exists as to the validity of the oral release by the Bank. On appeal from a summary judgment this Court must determine whether the pleadings, affidavits and other evidence taken, if any, reveal genuine issues of material fact when viewed in a light most favorable to the non-moving party, and whether the trial court correctly applied the law. *Schrader v. Mississinewa Com. School* (1988), Ind.App., 521 N.E.2d 949, 952. However, the nonmoving party may not rest on mere allegations or denials within the pleadings but must set forth by affidavit or otherwise some specific facts demonstrating an issue for trial. *Yoder v. Cromwell State Bank* (1985), Ind.App., 478 N.E.2d 131, 132.

■ The Bank and the Albins agree and the trial court found that a written instrument may be modified by an oral agreement, if based upon sufficient consideration. *See Robinson v. Horner* (1911), 176 Ind. 226, 95 N.E. 561, 564. To constitute consideration, there must be a benefit accruing to the promisor or a detriment to the promisee. *Wavetek Indiana v. K.H. Gatewood Steel Co.* (1984), Ind.App., 458 N.E.2d 265, 269.

■ The defendants alleged that the Bank's oral representation that it would release the personal guaranties of the defendants if A & S presented a "good financial statement" in January 1984 and that A & S was able to present such a statement constituted consideration. Further, defendants allege that the Bank's representatives acknowledged that the 1984 statement was "good" and agreed to the release. The Bank does not dispute the defendants' version of the events but contends that the "good statement" did not constitute consideration. However, the Bank premised its oral representation regarding the release upon a "good statement" which would provide a benefit to the Bank in the form of further assurance that A & S would not default on the loans. Thus, the trial court erred in determining that as a matter of law, the "good statement" did not benefit the Bank or constitute consideration.

■ Finally, the Albins argue that a genuine issue of material fact exists as to the amount of money owed to the Bank. Specifically, the defendants allege that the assets of A & S seized by the Bank and used to offset the loan balance were not sold in a commercially reasonable manner. Again, the Bank did not rebut the merits of this allegation. The trial court did not specifically address the dispute as to the offset amount. Accordingly, the trial court erred in fixing the amount of damages by summary judgment.

There being genuine issues of material fact in existence the cause must be reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

MILLER, P.J., and STATON, J., concur.