**INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant/Cross–Appellee,**

v.

**The ESTATE OF Virgil J. MILLER, Appellee/Cross–Appellant.**

No. 82T10–0606–TA–64.

Tax Court of Indiana.

Oct. 6, 2008.

Steve Carter, Attorney General of Indiana, Jennifer E. Gauger, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant/Cross–Appellee.

David E. Price, Miriam R. Price, Price & Associates, LLC, Santa Claus, IN, Attorneys for Appellee/Cross–Appellant.

FISHER, J.

The Indiana Department of State Revenue, Inheritance Tax Division (Department) has appealed the Vanderburgh Superior Court's (probate court) order determining the Indiana inheritance tax liability of the Estate of Virgil J. Miller (Estate). On cross-appeal, the Estate challenges the Department's ability to do so. The issue the Court must decide is whether the probate court abused its discretion in granting the Department's motion for an extension of time to file its notice of appeal with this Court under Trial Rule 72(E).[1]

## FACTS AND PROCEDURAL HISTORY

On October 29, 1991, Virgil J. Miller (Virgil) created and funded The Virgil J. Miller Living Trust (Trust), which provided, among other things, the manner in which his assets were to be distributed after his death. On February 2, 2000, Virgil passed away. On October 6, 2000, the Estate filed an Indiana inheritance tax

---

1. Given the Court's resolution of this issue, it need not determine whether the Estate's Indiana inheritance tax liability is improper.

return with the probate court reporting that no inheritance tax was due. On October 25, 2000, the probate court issued an order accepting the Estate's inheritance tax return as filed.

On February 22, 2001, the Department filed a "Petition for Rehearing, Reappraisement And Redetermination Of Inheritance And Transfer Tax" (Petition), alleging that the Estate actually owed over $200,000 of inheritance taxes due to the improper distribution of the Trust assets. The probate court held a hearing on the matter on April 25, 2006. At the conclusion of the hearing, the probate court stated that the Trust assets had been properly distributed and denied the Department's Petition. The probate court requested that the Estate prepare an entry reflecting its statement and submit that entry to the Department for its review. That same day, the clerk of the court also made a record of the hearing on the Chronological Case Summary (CCS).

The Estate subsequently prepared the proposed entry and mailed it to both the probate court and the Department. The Department received the proposed entry on May 1, 2006, and had no objections thereto. The probate court approved and signed the entry on May 3, 2006. The CCS, however, does not indicate that the clerk of the court mailed a copy of the signed entry to either the Estate or the Department.[2] (*See* Appellant's App. at 189 (footnote added).)

On June 20, 2006, counsel for the Department telephoned the probate court to inquire about the status of the entry and learned that it had been approved and signed on May 3, 2006. The following day, the Department requested an extension of time from the probate court to file its

notice of appeal because it never received a signed and dated copy of the probate court's May 3, 2006 entry. The probate court granted the Department's request on June 27, 2006. The Estate then filed a "Motion to Correct Error," which the probate court denied.

Both parties subsequently appealed to this Court. The Court heard the parties' oral arguments on April 13, 2007. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

This Court reviews a probate court's decision regarding the application of Trial Rule 72(E) for an abuse of discretion. *See Markle v. Indiana State Teachers Ass'n*, 514 N.E.2d 612, 614 (Ind.1987). "An abuse of discretion may occur if the [probate] court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the [probate] court has misinterpreted the law." *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind.1993) (citations omitted). An abuse of discretion will not be found, however, when "the slightest evidence of mistake, surprise, or excusable neglect" exists. *In re Estate of Wilson*, 822 N.E.2d 292, 296 (Ind. Tax Ct.2005) (citation omitted).

## DISCUSSION AND DECISION

■ When a party seeks to appeal to this Court a probate court's final judgment concerning the amount of Indiana inheritance tax due, it must file "a [n]otice of [a]ppeal with the [probate] court clerk within thirty (30) days after the entry of [the f]inal [j]udgment." IND.CODE ANN. § 6-4.1-7-7 (West 2008); Ind. Appellate Rule 9(A)(1). A party's failure to timely

---

2. Nevertheless, the Estate maintains that it received a copy of the signed entry approximately one week later. (Appellee's Br. at 25.)

file its notice of appeal, however, will not necessarily result in the forfeiture its right to appeal. *See* Ind. Trial Rule 72(E). Indeed, the probate court may, upon motion, grant a party additional time to perfect its appeal pursuant to Trial Rule 72(E).[3] That rules provides, in relevant part, that

> [w]hen the mailing of a copy of [an] entry by the [c]lerk is not evidenced by a note made by the [c]lerk upon the [CCS], the [c]ourt, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order[,] or judgment to any party who was without actual knowledge[.]

T.R. 72(E). Accordingly, a party is not entitled to additional time to perfect its appeal when the CCS clearly indicates that notice was mailed. *See id. See also Markle,* 514 N.E.2d at 614. In addition, it has been suggested that "[a] party with actual knowledge of a ruling may not rely upon [Trial Rule 72(E)] for an extension of time." *Vaughn v. Schnitz,* 673 N.E.2d 501, 503 (Ind.Ct.App.1996) (Hoffman, J., concurring) (emphasis omitted).

The Estate claims that the probate court erroneously granted the Department an extension of time to file its notice of appeal. More specifically, the Estate contends that the Department's appeal should be dismissed because it obtained actual knowledge of the judgment during the April 25, 2006 hearing when the probate court orally rendered the judgment. (Appellee's Br. at 24–28.) The Department, on the other hand, contends that it did not obtain actual knowledge of the judgment

until June 20, 2006, as the probate court only "announced its *intention* to deny the Department's Petition" during the hearing. (Appellant's Reply at 13–15 (emphasis added).) According to the Department, a "decision of the court [is 'ambulatory' and] does not become a judgment until the court prepares and signs the judgment." (Appellant's Reply at 13–14.) Therefore, to resolve this matter the Court must first determine whether the probate court rendered a final judgment during the April 25, 2006 hearing and, if it did, whether the Department had actual knowledge of that judgment.

■ "[A] final judgment 'disposes of all issues as to all parties thereby ending the particular case.'" *Georgos v. Jackson,* 790 N.E.2d 448, 451 (Ind.2003) (quoting *Doperalski v. City of Michigan City,* 619 N.E.2d 584, 585 (Ind.Ct.App.1993)). *See also* Ind. Appellate Rule 2(H)(1) (providing that "[a] judgment is a final judgment if[ ] it disposes of all claims as to all parties"). At the April 25, 2006 hearing, the following exchange occurred between the probate court and the parties:

> [COURT]: I don't see any reason to . . . set aside the distribution or the work that was done. . . . *We'll show that the State's [Petition] is denied. Show that the . . . Trusts were properly handled, . . . and distribution made.* How long will it take you [to] close this Estate up, do you think?
>
> \* \* \*
>
> [ESTATE]: I'm not sure what all else would be involved. I'm not sure I'm understanding your question, sir.

---

3. This Court also has "inherent discretionary power" to entertain untimely filed appeals " 'in rare and exceptional cases, such as in matters of great public interest, or where extraordinary circumstances exist.'" *See Lugar v. State ex rel. Lee,* 270 Ind. 45, 383 N.E.2d 287, 289 (1978) (citation omitted). *See also Claywell v. Review Bd. of the Ind. Dep't of*

*Employment and Training Servs.,* 643 N.E.2d 330, 330–31 (Ind.1994). This case, however, does not warrant the exercise of that power. *See id.* at 331 (stating that "generic grounds such as lack of prejudice to the opposing party or lack of disadvantage to the reviewing court . . . are not enough").

[COURT]: Oh, I guess you have the right to appeal this decision if you wish to.

[DEPARTMENT]: Yes.

[COURT]: Are you planning to do that?

[DEPARTMENT]: Yes, Your Honor.

[COURT]: Okay we'll show the appeal ... how much time do you need for the appeal?

[DEPARTMENT]: Uh, I would ... I would get the, uh, notice of appeal in within thirty days, Your Honor.

[COURT]: That's fine. Okay, anything else? Will you prepare the entry, then?

[ESTATE]: Sure. Yes, Your Honor.

(Trial Tr. at 22–24 (emphasis added).) This exchange indicates that the probate court rendered a *final* judgment during the April 25, 2006 hearing for several reasons.

First, the issues before the probate court were whether the Trust assets were properly distributed and, if not, whether the Estate owed over $200,000 in inheritance tax, interest, and penalties. (*See, e.g.,* Appellant's App. at 76–86.) After hearing the parties' arguments, the probate court determined that the Trust assets were properly handled and distributed and then denied the Department's Petition.[4] (*See* Trial Tr. at 23 (footnote added).) Second, the probate court asked the Department whether it planned to appeal its decision, to which the Department responded "yes." (*See* Trial Tr. at 23–24.) Third, before adjourning the hearing, the probate court asked the parties whether there were any other issues in need of resolution. (*See* Trial Tr. at 24.) Neither party raised additional issues. (*See* Trial Tr. at 24.) Fourth, the probate court asked the Estate to prepare an entry reflecting its decision. (*See* Trial Tr. at 24.) Finally, that same day, the clerk of the court made a notation on the CCS indicating that the probate court had denied the Department's Petition.[5,6] (*See* Appellant's App. at 189 (footnotes added).)

■ In concluding that the probate court rendered a final appealable judgment during the April 25, 2006 hearing, the Court must also conclude that the Department had actual knowledge of the

---

4. The probate court also denied the Estate's oral motion for attorney fees. (*See* Trial Tr. at 21, 23.)

5. The CCS entry, in pertinent part, provided: "HEAR. ON PET. FOR REHEARING, REAPPRAISEMENT AND REDETERMINATION OF INHER. & TRANSFER TAX IS HELD; CT. HEARS ARGUMENT; CT. DENIES SAID PET. FOR REAPPRAISEMENT, REDETERMINATION, OF INHER. & TRANSFER TAX. (RAC/TAB) ENTRY DUE[.]" (Appellant's App. at 189.)

6. The fact that the judgment was rendered orally does not alter this Court's conclusion, as Indiana law provides for the rendition of oral judgments, rulings, and orders. *See State ex rel. Harp v. Vanderburgh Cir. Ct.*, 227 Ind. 353, 85 N.E.2d 254, 257 (1949) (stating that a judgment may be orally rendered " 'as where it is announced from the bench' ") (citation omitted). *See also Kovacik v. Kovacik*, 631 N.E.2d 509, 510 (Ind.Ct.App.1994) (where court orally granted a motion to correct error during a telephonic hearing); *In re Adult Protective Servs. for Hartman*, 518 N.E.2d 482, 485 (Ind.Ct.App.1987) (where the trial court's findings were deemed sufficient when, during the trial, the appellant "heard the trial court announce the judgment which included the omissions of the prepared entry"); *Kujaca v. Kujaca*, 159 Ind.App. 6, 304 N.E.2d 870, 874–75 (1973) (where appellant received adequate notice of a hearing date because he was present "when the trial judge announced [the hearing date] from the bench"). Therefore, in approving and signing the entry, the probate court was performing a ministerial task: it was attesting to the correctness of the Estate's transcription of the judgment, which was complete in itself when it was pronounced from the bench. *See State v. Bridenhager*, 257 Ind. 544, 276 N.E.2d 843, 844 (1971) (citations omitted).

judgment, as it was rendered in the Department's presence.[7] Consequently, the probate court abused its discretion in granting the Department an extension of time to file its notice of appeal under Trial Rule 72(E) because the Department had actual knowledge of the final judgment prior to requesting an extension of time to perfect its appeal. *See* T.R. 72(E) (limiting the grant of an extension of time to a "party who was *without* actual knowledge") (emphasis added). *See also Smith v. Deem,* 834 N.E.2d 1100, 1110 (Ind.Ct. App.2005) (concluding that a party is not entitled to an extension of time when the party has notice of the trial court's ruling before its entry into the Record of Judg-

ments and Orders (RJO)) (citations omitted), *trans. denied.*[8,9]

## CONCLUSION

For the above stated reasons, the Court REVERSES the probate court's order granting the Department an extension of time to file its notice of appeal. Therefore, the Department's appeal is DISMISSED.

7. Indeed, counsel for the Department has acknowledged that she *knew* the probate court was going to render its judgment during that hearing. (*See* Oral Argument Tr. at 42.)

8. Although this Court is not bound by the holding in *Smith v. Deem,* 834 N.E.2d 1100 (Ind.Ct.App.2005), *trans. denied,* the Court finds the logic in the case both instructive and persuasive.

9. The Department has relied on several cases for the proposition that it need only to demonstrate that the CCS entry did not show that the probate court's order was sent to it to obtain relief under Trial Rule 72(E). (*See* Appellant's Reply at 11–16 (*citing Collins v.*

*Covenant Mut. Ins. Co.,* 644 N.E.2d 116 (Ind. 1994); *Markle v. Indiana State Teachers Ass'n,* 514 N.E.2d 612 (Ind.1987); *In re Sale of Real Prop. with Delinquent Taxes or Special Assessments,* 822 N.E.2d 1063 (Ind.Ct.App.2005), *trans. denied; Lake Holiday Conservancy v. Davison,* 808 N.E.2d 119 (Ind.Ct.App.2004); *Slay v. Marion County Sheriff's Dep't,* 603 N.E.2d 877 (Ind.Ct.App.1992), *trans. denied* ).) Those cases, however, are distinguishable from this case, as none of the judgments in those cases were orally rendered in the presence of the parties. *See Collins,* 644 N.E.2d at 117; *Markle,* 514 N.E.2d at 612; *In re Sale of Real Prop.,* 822 N.E.2d at 1066; *Lake Holiday,* 808 N.E.2d at 120–21; *Slay,* 603 N.E.2d at 883.