INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DI-VISION, Appellant/Cross–Appellee,

v.

The ESTATE OF Virgil J. MILLER, Appellee/Cross–Appellant.

No. 82T10–0606–TA–64.

Tax Court of Indiana.

Dec. 5, 2008.

Steve Carter, Attorney General of Indiana, Jennifer E. Gauger, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant/Cross–Appellee.

David E. Price, Miriam R. Price, Price & Associates, LLC, Santa Claus, IN, Attorneys for Appellee/Cross–Appellant.

## ORDER ON APPELLANT/CROSS– APPELLEE'S PETITION FOR REHEARING

FISHER, J.

On October 6, 2008, this Court issued an opinion on the above-captioned matter holding that "the probate court abused its discretion in granting the Department an extension of time to file its notice of appeal under Trial Rule 72(E) because the Department had actual knowledge of the final judgment prior to requesting an extension of time to perfect its appeal." *Indiana Dep't of State Revenue, Inheritance Tax Div. v. Estate of Miller,* 894 N.E.2d 286, 291 (Ind. Tax Ct.2008) (citations omitted). As a result, the Court dismissed the Department's appeal. *Id.*

On November 5, 2008, the Department filed a petition for rehearing claiming, as it did in its initial appeal, that it did not have actual knowledge of the probate court's judgment because the probate court's oral denial of its petition for redetermination of inheritance tax was not a judgment, given

that it was not reduced to writing or dated and signed by the judge. (*Cf.* Br. in Supp. of Pet. for Reh'g (hereinafter, Pet. for Reh'g) at 2–9 *with Estate of Miller,* 894 N.E.2d at 289.) The Department has also claimed that the Court's opinion not only alters the manner in which appeals were commenced but also conflicts with *Collins v. Covenant Mutual Insurance Company,* 644 N.E.2d 116 (Ind.1994). (*See* Pet. for Reh'g at 2–5, 11.) The Estate filed a response thereto on November 21, 2008.

■■■ "A petition for rehearing is a vehicle that affords the reviewing court the 'opportunity to correct its own omissions or errors.'" *Griffin v. State,* 763 N.E.2d 450, 450–51 (Ind.2002) (citation omitted). Accordingly, "[a] proper petition does not simply ask the court 'generally to re-examine all the questions ... decided against the party filing it.'" *Id.* (citation omitted). This, however, is exactly what the Department's first claim invites this Court to do. *See Estate of Miller,* 894 N.E.2d at 290 n. 6 (explaining why the oral denial of the Department's petition for redetermination constituted a judgment). As a result, the Court denies the Department's petition with respect to its first claim. The Court, however, grants the Department's petition with respect to its remaining claims for the sole purpose of clarifying its opinion.

### 1. Alteration of the period for filing a notice of appeal

The Department contends that the Court's opinion improperly alters the manner by which the appellate time clock commences. More specifically, the Department claims that under the Court's reasoning, the oral rendition of a judgment, rather than "the issuance" of a written judgment, would trigger the appellate time clock. (Pet. for Reh'g at 2–3, 7, 9.) The Department, however, has read too much into this Court's opinion.

The Department's argument suggests that this Court either is unaware of, or ignored the import of, Indiana Appellate Rule 9(A)(1) which controls when the period for filing an appeal commences. Appellate Rule 9(A)(1), in relevant part, provides that "[a] party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the *entry* of a Final Judgment." Ind. Appellate Rule 9(A)(1) (emphasis added). In turn, the Indiana Court of Appeals has explained that for purposes of Indiana Appellate Rule 9(A)(1), the word "entry" refers to the date that an order, ruling, or judgment is entered into the court's Record of Judgments and Orders (RJO). *See Smith v. Deem,* 834 N.E.2d 1100, 1109–10 (Ind. Ct.App.2005), *trans. denied.* Accordingly, the time to initiate an appeal usually commences when the ruling, order, or judgment is entered into the RJO. *Id.*

■■■ In this case, the Department's period for filing its notice of appeal commenced on May 3, 2006—the date the judgment was entered into the RJO. *See Estate of Miller,* 894 N.E.2d at 288. The issue of when the Department's period for filing its notice of appeal commenced, however, was not the issue that the Estate presented to this Court on cross-appeal. Rather, the issue the Estate presented to this Court on cross-appeal was whether the probate court properly granted the Department additional time to file its notice of appeal despite the fact that it had obtained actual knowledge of the judgment before it was entered into the RJO. *Id.* at 289. Given that the Court considered these issues to be distinct issues, resolution of the latter did not automatically affect the former. Therefore, the Court's opinion did not alter either the manner or the time frame by which appeals are commenced.

## 2. Conflict with *Collins v. Covenant Mutual*

The Department also claims that the Court's opinion conflicts with *Collins,* which according to the Department, only required it to demonstrate that the CCS did not indicate that the probate court clerk had mailed the judgment to the Department. (Pet. for Reh'g at 11.) The Court, however, disagrees.

Contrary to the Department's claim, *Collins* does not stand for the proposition that relief under Indiana Trial Rule 72(E) only requires a showing that the CCS bore no indication that notice of the judgment had been sent to the complaining party. Rather, *Collins* established that Indiana Trial Rule 72(E) was the "sole vehicle" for pursuing an extension of time to file a notice of appeal. *See Collins v. Covenant Mut. Ins. Co.,* 644 N.E.2d 116, 117 (Ind. 1994). *Collins* also implied that a party should not even *request* an extension of time to file a notice of appeal if the CCS indicates that a copy of the Court's entry was sent to the parties. *See id.* at 117–18 (providing that "Trial Rule 72(E) plainly states that only if the CCS does not contain evidence that a copy of the court's entry was sent to each party may a party claiming not to have received such notice *petition* the trial court for an extension of time to initiate an appeal") (emphasis added).

Finally, the Department's construction of Indiana Trial Rule 72(E) invites the Court to ignore the portions of the Rule referring to good cause, lack of actual knowledge of the judgment, and reliance upon incorrect representations by Court personnel. *See* Ind. Trial Rule 72(E). Those portions of the Rule reflect what the Rule intends to prevent—the "forfeiture of appellate rights due to expiration of time caused by [an] attorney's *ignorance of the existence* of a ruling or order." *See Markle v. Indiana State Teachers Ass'n,* 514 N.E.2d 612, 613 (Ind.1987) (emphasis added). Under the facts of this case, it would have been illogical for the Court to conclude that the Department was unaware of the existence of the judgment, given that the probate court judge unambiguously rendered his judgment on the record, at the conclusion of the hearing, in the presence of both parties and counsel for the Department subsequently acknowledged that she knew the probate court judge was going to render his judgment during the hearing. *See Estate of Miller,* 894 N.E.2d at 289–91.

## CONCLUSION

For the above stated reasons, the Court AFFIRMS its original decision on this matter in its entirety.